## J. B. SHEPHERD, Respondent, v. IRA HAWLEY, Appellant.

Estray Animal.—Our statute does not define an estray, but merely provides where, when, and how they may be posted. An estray is an animal that has escaped from its owner, and wanders or strays about—usually defined at common law as a wandering animal whose owner is unknown. An animal cannot be an estray when on the range where it was raised, and permitted by its owner to run, and especially when the owner is known to the party who takes it up. The fact of his being breachy or vicious has reference only as to when he may be taken up.

Idem—When may be Taken Up.—An animal to be taken up and posted as an estray in the months of August and September, must be not only an estray, but either breachy or vicious.

Appeal from Lane County.

The facts are stated in the opinion of the Court.

*John Burnett and John Kelsay*, for Appellant.

*J. F. Watson, and Hill, Thayer & Williams*, for Respondent.

By the Court, Prim, C. J.:

This action was commenced by respondent to recover the possession of a bull, which he claims was taken from him by appellant about the 26th of August, 1870, under pretense of posting him as an estray.

It is claimed in the answer that the animal was both breachy and vicious, and was taken up and posted as an estray. The bill of exceptions develops the following facts: that appellant was a householder, and that he and respondent resided in the same neighborhood; that the animal in

question was breachy and vicious, and had been running at large about the premises of appellant for two months prior to the time when he was taken up; that appellant knew the animal in question was owned by respondent when he took him up.

At the trial in the Court below, the jury were instructed as follows: "If you find from the evidence that the bull in question was raised in that neighborhood, and upon that range, and Hawley knew to whom he belonged, and found him running at large on that range where he was raised, then he was not an estray.

"In order to authorize an individual to take up an estray, he must be a householder, and the owner of the estray must be unknown to him, or the animal must be off the range where he was permitted to run by his owner. An animal cannot be an estray when on the range where he was raised and permitted to run, and especially where the owner is known to the party who takes him up. The fact of being breachy or vicious has reference only as to when he may be taken up. That in order to enable defendant to take up an animal in the months of August or September, you must find not only that the animal was an estray, but that it was breachy or vicious. An animal running in its usual range where its owner lives, and where he is known by the person taking it up to exercise supervision and control over it, is not an estray, even though it is not confined in an enclosure."

It is claimed by counsel for appellant that these instructions of the Court were erroneous. Our statute provides that "any householder, about whose premises any estray may be in the habit of running at large, may take up the same, etc.; * * * *provided,* that no estray shall be taken in the months of May, June, July, August, September, October and November, except breachy or vicious animals, which may be taken up in any month." (Mis. Laws, ch. 18, § 2.)

The statute does not define an estray, but merely provides who may take up and post them—how it shall be done and when—that is, during what months it may be

done. The person taking up and posting must be a householder, and the estray must be in the "habit of running at large about his premises." It can be done only between the months of November and May, "except breachy or vicious animals, which may be taken up in any month." Under this exception in the proviso of section two, it is claimed, on behalf of appellant, that any breachy or vicious animal running at large about the premises of a householder, may be taken up and posted during any month, although the owner of such animal may be well known to the person taking it up. On this proposition, we think the Court below properly held that the fact of an animal being breachy or vicious, has reference only as to when it may be taken up. In other words, to authorize the posting of an animal during the excepted months, it must be not only breachy or vicious, but an estray as well. An estray is defined by Burrell's Law Dictionary to be "an animal that has escaped from its owner and wanders or strays about." This author says, it is usually defined "as a wandering animal whose owner is unknown." (2 Kent, 351; 1 Bl. 297, 298.) According to this definition, an animal running on the range where it was raised, or where it was permitted to run by its owner, could not be considered an estray; because, in so doing, it could not be considered as having escaped or wandered away from its owner; and especially where, as in this case, the owner was known to the person taking it up.

A number of other instructions were asked by appellant, and refused by the Court, which we deem unnecessary to notice, as they were merely the converse of those given by the Court.

There being no error in the instructions and proceedings of the Court below, the judgment is affirmed.