## No. 2466.

## Tim Alexander v. The State.

1. Theft—Possession—Evidence—Variance.—The indictment alleges both the ownership and possession of the alleged stolen animal to have been in one W. The evidence shows conclusively that, when taken, the animal was under the care, management and control of one F., who held it for W. *Held*, that the variance between the allegation and proof of possession is fatal to the conviction.

2. Same—Brand—Charge of the Court—While the statute makes a recorded brand admissible as evidence of ownership, the statute does not make it prima facie proof of ownership, and it can be considered only as any other evidence before the jury could be considered. To have given a requested charge upon the effect of such evidence would, therefore, have been to give a charge upon the weight of evidence, which the trial court properly refused to do.

Appeal from the District Court of Brazoria. Tried below before the Hon. W. H. Burkhart.

The conviction in this case was for the theft of a yearling, alleged in the indictment to be the property of, and to have been taken from the possession of, one E. N. Wilson. A term of three years in the penitentiary was the penalty assessed by the verdict.

The conviction in this case was reversed solely because of the variance between the allegation and the proof of the possession of the animal at the time it was taken. Upon that subject, the possession being alleged in E. N. Wilson, both Wilson and Fernandez testified that the said Wilson owned the animal at the time, but that it was then in the actual care, control and management of the said Fernandez, who was managing and holding it and other stock for the said Wilson.

The requested charge referred to in the second head note of this report, caption omitted, reads as follows: "When a brand has been properly recorded in the records of marks and brands of a county as provided by law, it is legal evidence of ownership of the person in whose name it is so recorded of all cattle found in that brand in said county." The evident purpose of this charge was to control the effect of the only testimony offered by the defense—the record of marks and brands from which it

appeared that the brand on the alleged stolen animal was recorded in the name of Samuel Wilburn.

The motion for new trial raised the questions discussed in the opinion.

*G. W. & F. J. Duff*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WILLSON, JUDGE. It is alleged in the indictment that the animal stolen 'was the property of E. N. Wilson, and that it was taken from the *possession* of said E. N. Wilson. The evidence shows that the animal, at the time it was missed from its accustomed range, was under the care, management and control of one Fernandez, who had been hired by the owner, E. N. Wilson, to mark, brand and look after his stock of cattle, running on and about said Wilson's ranch. Said Fernandez had no authority to sell or dispose of any of said cattle, but had the care, management and control of them in all other respects. These facts constituted Fernandez the *possessor* of the cattle, and he, and not Wilson, was therefore in *possession* of the animal in question, at the time it was stolen, said animal being one of the stock of cattle under his care, management and control. Hence there is a material variance between the allegation and the proof of the possession of said animal; because of which, the conviction must be set aside. (Hall v. The State, 22 Texas Ct. App., 632; Briggs v. The State, 20 Texas Ct. App., 106; Littleton v. The State, Id., 168; Bailey v. The State, Id., 68; Bailey v. The State, 18 Texas Ct. App., 426; Frazier v. The State, Id., 434; Tinney v. The State, ante, p. 112.)

We find no eror in the charge of the court; nor do we think that the court erred in refusing the special charges requested. One of said special charges was embraced substantially in the general charge, and the other, with reference to the effect as evidence of a recorded brand, was properly refused because upon the weight of evidence. While a recorded brand is admissible in evidence to prove ownership, the statute does not make it prima facie proof of ownership, nor attach to it any peculiar weight, or even expressly declare it to be admissible evidence. It is like any other evidence of ownership, and, having been admitted in evidence, is for the consideration of the jury

like any other evidence, and the court is not required to, and ordinarily should not, call particular attention to it in the charge.

Because of the varience between the allegation and the proof as to possession, the judgment is reversed, and the cause is remanded.

*Reversed and remanded.*

Opinion delivered October 29, 1887.