[Filed February 6, 1888.]

# H. P. STEWART, APPELLANT, *v.* CHARLES HUNTER, RESPONDENT.

ESTRAY — WHAT CONSTITUTES. — An animal turned on a range by its owner is not an estray, although its immediate whereabouts is unknown to the owner, unless it wanders from the range and becomes lost.

BRAND. — The fact that an animal is branded is not constructive notice of the ownership thereof, although the brand is recorded. The brand simply furnishes evidence of its ownership.

DUE PROCESS OF LAW — WHAT IS. — Taking up an estray pursuant to statute and causing it to be sold to pay for such taking up and for its feed is not depriving the owner of his property "without due process of law."

PRACTICE — JURY INSTRUCTION TO. — Trial courts should not instruct juries by reading to them an opinion of another court. If they desire to adopt such an opinion as the law of the case, they should copy from it and deliver the portions applicable.

APPEAL from Union County. Reversed.

*R. Eakin & Bro.* for Appellant.

An animal on the range where it is permitted to run at large is not an estray. (*Sheppard* v. *Hawley,* 4 Or. 206.)

The statute is unconstitutional. (*Ames* v. *Port Huron L. D. & B. Co.* 11 Mich. 139; Cooley on Constitutional Limitations, pp. 446, 447, and notes 1, 2; *Rockwell* v. *Nearring,* 35 N. Y. 307; *Campbell* v. *Evans,* 45 N. Y. 356; *McConnell* v. *Van Aerman,* 56 Barb. 535; 2 Kern, 202.)

*J. R. Crites,* and *C. H. Finn,* for Respondent.

THAYER, J. — This appeal comes here from a judgment of the Circuit Court for the County of Union. The appellant commenced an action in that court against the respondent to recover the possession of a certain mare and colt alleged to be wrongfully detained by the respondent. The respondent claims to have taken up the animals under the statute of the State relating to estrays. A trial by jury was had in the Circuit Court, which resulted in a verdict for the respondent, upon which the judgment appealed from was entered.

The main question of law we are called upon to decide arises out of the instructions of the court to the jury. It was strongly contested in the Circuit Court as to whether the animals were estrays or not. It appears that the mare and colt were running upon the range in the vicinity of the respondent's residence, and seem to have gotten with his stock, which was also running upon the range at the time. The range was a large section of open country and was pastured by different owners of stock. The mare had been branded at the time she was taken up with the appellant's brand, which a long time prior thereto had been recorded in the office of the clerk of the county of Union. The appellant's counsel contended in the Circuit Court, and claims here, that the record of the brand was notice to the respondent of the ownership of the animal. He also contended that stock running upon a range under such circumstances as the animals in question ran there could not be regarded as estrays. It appears from the evidence in the case that such stock was allowed to run out all winter, and very little of it was fed. The question as to whether the animals were estrays or not was a very proper one for the jury to determine, after being instructed as to what constituted an estray under the statute referred to.

The Circuit Court in giving instructions upon that point confined itself almost entirely to reading to the jury the opinion of this court in *Sheppard* v. *Hawley*, 4 Or. 206. The bill of exceptions state that "after the argument of counsel, the court instructed the jury upon the law, and read to the jury as the law of the case the opinion of the court in," etc., referring to *Sheppard* v.

*Hawley.* After the jury had been out a while and could not agree, they returned to the court-room for further instructions as to what constituted an "estray," and were further instructed by the court thereon, and again retired; but again failing to agree, again returned for further instructions upon what constituted an "estray," and the court again read to the jury the opinion in the case of *Sheppard* v. *Hawley,* and otherwise instructed them. Thereupon counsel for plaintiff asked the court to instruct that under said case of *Sheppard* v. *Hawley,* "that an animal on the range, where it is placed or permitted to run by its owner, is not an estray." Which instruction the court refused to give, and plaintiff's counsel excepted. The jury then retired and returned the verdict before mentioned. In *Sheppard* v. *Hawley,* *supra,* it was contended on the part of the appellant, that a *breechy* or *vicious* animal running at large about the premises of a householder might be taken up and posted during any month, although the owner of said animal was well known to the person taking it up. That was the principal question this court was required to decide in that case.

The question as to what constituted an "estray" was before the court, and passed upon in its opinion. Reading the opinion of the court in that case was therefore liable to mislead them. The main point in the opinion was not at all analogous to the one involved in this case. It may have been that the Circuit Court only read to the jury the part of the said opinion bearing upon the question as to what constituted an estray; but the bill of exceptions would seem to imply that the court read the entire opinion to the jury. At all events, the jury seem to have been very much embarrassed in regard to the question. And when the appellant's counsel requested the instruction referred to, and the court refused to give it, the impression left upon their minds must have been, that the part of the opinion which the appellant's counsel had in view when he requested the said instruction to be given was not to be considered apart from the remainder of the opinion. It is apparent that the submitting of the opinion in *Sheppard* v. *Hawley,* as the law of the case which the jury were considering, as shown by the bill of exceptions,

was calculated to mislead them.    This was error.    (*Talmage* v. *Davenport*, 31 N. J. L. 561.)

Trial courts should not instruct juries in that manner.    If they desire to adopt the opinion of a court in another case as the law of the case before them, they should copy from it the portions that are applicable, anb deliver them as their own opinion of the law.    To attempt to instruct a jury by reading to them from a book an opinion in another case is very liable to confuse them.    The decision in *Sheppard* v. *Hawley*, as to what constituted an estray, is undoubtedly the law.    An animal that has escaped from its owner and wanders about is an estray, within the meaning of the statute upon that subject.    It becomes lost to the owner, and when it attempts to take up with a new master, and habituate itself to running at large about his premises, he is authorized, if a householder, to take it up in the manner prescribed by the statute.    Counsel for appellant contends "that the legislature had no power to authorize a person to take up and dispose of animals belonging to others, as provided in said statute.    He contends that the owner of property cannot be divested of his ownership in that manner."

No person can be deprived of his property except by due process of law, and an attempt upon the part of the legislature to authorize one person to take and dispose of the property of another, and thus summarily deprive him of it, would not be "due process of law," within the meaning of that expression as used in the Constitution of the State, and of the United States. But the taking up of an estray proper is not the depriving the owner of his property in a constitutional sense; it is a preservation of it for his benefit.    The animal is beyond his control — is lost as to him, and is liable to perish unless taken up and cared for by some one.    The person interfering with the animal under such circumstances confers upon the owner a benefit.    It is a highly meritorious act when done in good faith, and the law gives the party a *claim* upon the animal for the reasonable expenses incurred, and authorizes a sale of it in order to re-imburse him.    The remainder of the proceeds of the sale is deposited for the owner.    It is only when the law is misconstrued

and misapplied that parties affected by it have cause to complain. Taking up animals as estrays, which are not such, is an abuse of the law, which courts and juries ought not to tolerate. An animal turned upon a range like the one referred to, and permitted to run at large, would not be an estray because its owner was ignorant of its present whereabouts. The animal is expected to roam about under such circumstances, and its particular habitation be to him a mere matter of conjecture. He does not care to know where it is, supposing that he can of course bring it in when he makes his "general round up." But if he is then unable to find it, or if it has in the mean time gone beyond the section of country in which it was expected to run, has strayed away from his other stock, and is wandering about in a distant locality, and becomes lost to him, it is an estray.

The effect of the verdict of the jury in this case was to determine that the mare and colt in question were estrays, and if the trial judge had instructed the jury as to what constituted an "estray," when the case was submitted to them, we would not have undertaken to disturb the judgment recovered; but from what we have been able to discover from the record, we must conclude that they were not informed upon the subject beyond what they were enabled to learn by hearing the opinion in the other case read, and that contained enough different features from this to confound their understanding completely. We have considered the question raised by the defendant's counsel as to the effect of the recording of the description of the brand, and are unable to agree with the view which the counsel attempts to maintain. The object in having such a record made is to prevent other parties from using the same mark or brand. When a person has a description of that kind recorded, it is a notice to every one who may desire to adopt a brand as to the character of the one he has adopted. The statute provides that the same description shall not be recorded for more than one resident of the same county. (Misc. Laws, ch. 33, § 9.) This provision tends to secure a person in the sole use of any device he may adopt for the purpose of marking his stock. Branding stock furnishes evidence of its ownership, though it does not

constitute implied notice of the fact. It is a circumstance which will aid in ascertaining to whom it belongs, but is not constructive notice that it belongs to the party branding it.

The judgment appealed from must be reversed and the case remanded for a new trial.