## SMITH et al. v. CUMMINGS et al.

No. 2178. Decided June 15, 1911 (117 Pac. 38).

1. ANIMALS—OWNERSHIP OF STOCK—EVIDENCE. A sheep brand recorded under Comp. Laws 1907, section 39, is not *prima facie* evidence of ownership in the person procuring the record, on an issue of ownership. (Page 308.)

2. TRIAL—INVADING PROVINCE OF JURY—WEIGHT OF EVIDENCE. While the legislature may, within certain limits, declare what *prima*

*facie* shall be sufficient to establish a given fact, the courts, in the absence of statute, cannot, as a matter of law, declare what effect shall be given any particular act or circumstance where the evidence is conflicting.   (Page 312.)

3. TRIAL—INSTRUCTIONS—WEIGHT OF EVIDENCE.  The court, in submitting a case in which the effect of marks or brands of animals is involved, should not single out any particular mark or brand and tell the jury what its effect as evidence is, but should submit to them all the marks and brands, whether recorded or not, to be considered in connection with all the other evidence of ownership and of identification, to be given such weight as in their judgment they deem them entitled to.   (Page 314.)

APPEAL from District Court, Fourth District; *Hon. J. E. Booth,* Judge.

Action by M. A. Smith and another against E. J. Cummings and another, partners as Cummings & Mahoney.

Judgment for plaintiff.   Defendants appeal.

REVERSED AND REMANDED.

*W. S. Willis* and *Thurman, Wedgwood & Irvine* for appellants.

*Chase Hatch* for respondents.

FRICK, C. J.

This was an action in claim and delivery to recover possession of three white and one black sheep of which respondents claimed to be the owners and entitled to possession. Appellants in their answer also claimed to be the owners of and entitled to possession of said sheep. The only issue, therefore, was who owned the sheep.   The jury found that respondents were the owners of the three white sheep and that appellants owned the black one.   Judgment was entered accordingly from which appellants prosecute this appeal.

The evidence relative to the ownership of the sheep is very conflicting, and the only questions for review relate to the charge of the court as given to the jury. . As evidence of

ownership respondents produced and introduced in evidence a certified copy of the record of their marks and brands which were recorded in accordance with Comp. Laws 1907, section 39. That section provides for the recording of marks and brands, and further provides that when recorded the recorder "shall furnish to the owners certified copies of all marks or brands, which certificates shall be deemed evidence in law." The sheep in question were marked with certain cuts and slits in the ears and also with what is called a "wool brand," which consisted of daubs of paint placed on the wool on the bodies of the sheep. It seems that a portion of the sheep belonging to both parties were marked and branded alike, or, at least, with marks and brands that seemed to be so. The court, among other instructions, charged the jury as follows: "If you find the recorded mark of swallow fork in the right ear and crop and upper slope in the left ear is the mark of the plaintiffs (respondents), then that mark indicates *prima facie* ownership in the plaintiffs. But this may be overcome by other evidence of ownership in the defendants (appellants)." Appellants contend that this charge is erroneous and that it is prejudicially so.

At first blush we were impressed with the thought that in view that respondents' marks and brand were duly recorded the charge embodied a correct principle of law, but after making a thorough investigation of the statutes of the different states upon the subject of marks and brands, and the decisions of the courts thereon, we have been forced to the conclusion that the court erred in charging the jury that the recorded mark of respondents was *prima facie* evidence of ownership. In other words, it was error to charge that the mere production in evidence of the recorded mark or brand is sufficient without anything more to establish title in the owner of the mark or brand to an animal marked or branded with such mark or brand.

In a number of the states and territories it is expressly provided by statute what the probative force or effect of recorded marks or brands shall be. Such is the case in Arizona, *Brill v. Christy,* 7 Ariz. 217, 63 Pac. 759; in Cali-

fornia, Kerr's Pol. Code, section 3172; in Colorado, *Chesnut v. People,* 21 Colo. 512, 42 Pac. 656; in Idaho, *State v. Dunn,* 13 Idaho, 9, 88 Pac. 235; in New Mexico, *Chavez v. Territory,* 6 N. M. 455, 30 Pac. 903, and in Texas by construction as appears from *Schneider v. Fowler,* 1 White & W. Civ. Cas. Ct. App., sections 856-858; *De Garex v. Galvan,* 55 Tex. 57; and *Smith v. State,* 1 Tex. App. 133. In all of the foregoing states and territories, except Texas, the statute provides in express terms that recorded marks and brands shall be *prima facie* evidence of ownership. We shall refer to the Texas statutes again later.

In Kansas and Oregon, where the statute is silent with regard to what effect recorded marks and brands shall have as evidence of ownership, it is held that such marks and brands, like other marks and brands, are some evidence of ownership which is to be considered in connection with all the other evidence. (*State v. Folfley,* 75 Kan. 406, 89 Pac. 1046, 93 Pac. 337, 12 Am. & Eng. Ann. Cas. 412; *Stewart v. Hunter,* 16 Ore. 66, 16 Pac. 876, 8 Am. St. Rep. 267.)

In the Kansas case, in the headnote written by the court, the law relative to recorded brands is stated thus: "The jury have the right to consider the fact that the cattle alleged to have been stolen bore the brand of the complaining witness as some evidence that they were owned by him."

The California Supreme Court, in *People v. Bolanger,* 71 Cal. 17, 11 Pac. 799, in speaking of the effect of an unrecorded mark, says: "An earmark used by the alleged owners of hogs was some evidence of ownership."

In the absence of statutes fixing the legal effect of recorded marks and brands, the foregoing courts give recorded and unrecorded marks and brands precisely the same effect, namely, that they may be considered by the jury the same as others marks of identification as some evidence tending to show or establish ownership, and the weight or effect that any particular mark or brand shall receive is a question to be determined by the jury, and not by the court.

The cases from Tennessee and Kentucky may be said to be to the same effect as those from Kansas and Oregon. See

*People v. Devault,* 11 Heisk. (Tenn.) 431, and *Plummer v. Newdigate,* 2 Duv. (Ky.) 1, 7 Am. Dec. 479.

After a thorough research we have been unable to find a single case where, in the absence of a statute to that effect, the courts have held that the production of the record of marks or brands constitutes *prima facie* evidence of ownership. There is no statute in force in this state which provides what, if any, probative effect shall be given to recorded marks or brands, or which provides that such marks or brands shall receive any other or greater force as evidence of ownership than any other mark or brand with which the owner may mark or brand his live stock for the purpose of identification. Counsel for respondent, however, insist that unless the record of the mark or brand be declared to constitute *prima facie* evidence of ownership the recording of the mark or brand is but an idle ceremony. Such a result does not necessarily follow. The statute in effect provides that a person who records his mark or brand becomes the exclusive owner thereof, and every other person is prohibited from recording or using a like brand. This thus gives the owner of live stock the exclusive right to use a particular mark or brand for the purpose of identifying his stock, and, no doubt, when such a mark or brand is found on cattle or any other live stock it affords evidence more or less strong of the ownership of the stock marked or branded with the recorded mark or brand of the person having recorded the same as his own. If, however, we were inclined to do what, so far as we are aware, no other court has done, namely, declare that the record of a mark or brand is *prima facie* proof of ownership, yet, in view of the history of the legislation in this territory and state upon the subject of marks and brands, we think this should not be done. The first enactment relating to marks and brands was passed by the territorial legislature of Utah in January, 1866. (Comp. Laws Utah 1876, p. 98.) That act, like the present statute, was silent with respect to what evidentiary effect should be given to recorded marks or brands. The next act, which was a very comprehensive law upon the subject, was

adopted March 11, 1886. 1 Comp. Laws Utah 1888, p. 779.
Section 11 of that act was in the following words:

"In any trial under the provisions of this act, the proof of the
brands and marks shall be deemed sufficient to identify all classes of
live stock mentioned in this act, *and shall be prima facie evidence
of ownership of such stock.*" 1 Comp. Laws Utah 1888, p. 782. (Italic
ours.)

This act was slightly amended in 1897. (Laws Utah
1897, p. 47. The law upon the subject of marks and brands
was considerably abridged when the Revised Statutes of
Utah 1898, were adopted, as appears from chapter 2 of title
2 of that revision, which superseded and constituted all the
law upon that subject from and after January 1, 1898. In
the Revised Statutes of Utah 1898, the section with reference
to what effect recorded marks or brands shall have was en-
tirely omitted. The law upon this subject as found in the
Revised Statutes of Utah 1898, was subsequently carried into
Comp. Laws Utah 1907, and constitutes sections 36 to 47 of
that compilation. The law, therefore, as now in force in this
state, and which was in force when the cause of action in
question arose, not only does not provide what, if any, effect
shall be given to recorded marks or brands, but the very pro-
vision which did provide that recorded marks and brands
should constitute *prima facie* evidence of ownership has been
entirely eliminated, and for more than twelve years has not
been a part of the law of this state upon that subject. In
view, therefore, that at one time there was a statute in force
in this state which provided what evidentiary effect should
be given to recorded marks and brands, which statute has been
repealed, or, at least, eliminated from the law upon the sub-
ject, we think it should be assumed that the legislature had a
purpose in view in bringing about such a change in the law
respecting marks and brands. In other words, we think no
other inference is permissible than the one that the legislature
of this state, by eliminating the section we have quoted, in-
tended to make the evidentiary effect of recorded marks and
brands precisely the same as that given to any other mark or
brand that an owner of live stock might apply to his stock as

marks of. identification, and in order to give such marks and brands as great a practical effect as possible the legislature prohibited the duplication and use of recorded marks and brands by any one except the owner thereof. It is reasonably clear, therefore, that the legislature did not intend that any mark or brand, whether recorded or not, should be deemed *prima facie* evidence of ownership after the law was changed as aforesaid.

While the legislative power may, within certain limits, declare what *prima facie* shall be deemed sufficient evidence for the purpose of establishing a given fact, yet the courts, in the absence of a statute, cannot, as a matter of law, declare what probative force or effect shall be given to any particular act or circumstance where the evidence is conflicting or where conflicting inferences 'may be deduced from certain facts. If courts did this it would constitute an invasion of the province of the jury, which, as the trier of fact, is the sole judge of what, if any, weight shall be given to any particular fact or circumstance which is produced in evidence before them. In this connection we remark that the suggestion that in the absence of a statute the courts of Texas have declared that recorded marks and brands constitute *prima facie* evidence of ownership is clearly erroneous. The statute law of Texas upon the subject is as follows: The first act concerning marks and brands in force in that state is found at page 315 of Oldham & White's Digest. Laws of Texas, published in 1859. Article 1407 as found in the work just referred to, and which is a part of the law still in force in Texas, reads as follows: "No brands, except such as are recorded by the officers named in this act, shall be recognized in law as any evidence of ownership of the cattle, horses, or mules upon which the same may be used." This section was carried into Revised Statutes of Texas, 1879 as article 4561. In connection with the article above quoted there was also another article or section. In the latter article (4574) it was in effect provided that no person shall be permitted to treat any animal as an estray which was marked or branded with a registered mark or brand. Construing these two sec-

tions together, the Court of Civil Appeals of Texas, in the case of *Schneider v. Fowler, supra,* held that in view of the section just mentioned it was intended that a recorded mark or brand should constitute *prima facie* evidence of ownership. The Supreme Court of Texas, in passing upon this question in *De Garca v. Galvan, supra,* said: "It was error to charge in effect that the brand of the claimant recorded was not proof of ownership. It is the very purpose of the law in requiring registration that it shall be notice and *prima facie* proof of ownership." The first Texas case above referred to was decided in 1883 and the last one in 1881. The sections of the statute to which we have referred were in force when both of those cases were decided and remained in force in 1895 as appears from the Revised Statutes of Texas 1895, articles 4930 and 4958, which are the same as articles 4561 and 4574 aforesaid. It will thus be seen that while the statute of Texas did not, perhaps, in express terms make registered marks or brands *prima facie* evidence of ownership, yet by the construction that the courts of Texas placed thereon, such was its effect  The courts of Texas, therefore, did not, either in substance or effect, hold that courts, in the absence of a statute, may declare that the mere production of the record of marks or brands makes the record thereof *prima facie* evidence of ownership. In a later Texas case, *Alexander v. State,* 24 Tex. App. 126, 5 S. W. 840, which was decided several years after the other Texas cases to which we have referred, it was held that the statute of Texas "does not make it (the recording of the brand) *prima facie* proof of ownership, nor attach to it any particular weight, or even expressly declare it admissible evidence. It is like any other evidence of ownership, and having been admitted in evidence, is for the consideration of the jury, like any other evidence." It should be noted that no mention is made in this case of the prior Texas cases, and hence it must be assumed that the prior Texas cases, one of which was decided by the Supreme Court of Texas, the court of last resort, were overlooked by the court deciding the latter case.

But whatever effect be given to the Texas cases, in this state, as we have pointed out, the statute which provided that the record of a mark or brand should constitute *prima facie* evidence of ownership was eliminated from the law upon that subject. This fact, to our minds, is a strong circumstance, and may be considered as proof that the legislature did not deem it wise to longer place any particular legal effect upon marks and brands whether recorded or not, but deemed it best that all marks and brands may be received and considered as evidence for the purpose of identification and as some evidence of ownership, as stated in the cases referred to, *supra,* but should not be declared *prima facie* evidence which, standing alone, should be sufficient to require an adverse claimant of animals to assume the burden of proof upon the question of ownership. No doubt various reasons could be assigned why the legislature may have thought a provision fixing the probative effect of a recorded mark or brand unwise, but it is not deemed either wise or profitable to speculate upon such reasons.

What has been said practically disposes of the objections urged against the other instructions.

The court, in submitting a case to a jury in which the effect of recorded or unrecorded marks or brands is involved, should not single out any particular mark or brand and tell the jury what its effect as evidence is, but should submit to them all the marks and brands, whether recorded or not, and tell them to consider all of them in connection with all the other evidence of ownership and of identification, if any, and give such marks and brands such weight and effect as in their judgment under all the circumstances they deem them entitled to. The jury may be told that they should determine the weight or effect to be given to any mark or brand from all the facts and circumstances. If so considered, the jury may no doubt find that a particular mark or brand has more weight than another, and may in their judgment be sufficient to establish ownership, but this is for the jury and not for the court to pass upon.

The judgment is reversed and the cause remanded to the district court, with directions to grant a new trial and to proceed with the case in accordance with the views herein expressed.    Appellants to recover costs.

McCARTY, J., concurs.

STRAUP, J. (concurring.)

I concur in the result reversing the judgment.    However, I am of the opinion that the appellants ought not to have costs. Under the statute (Comp. Laws 1907, section 3344) "costs on appeal are in the discretion of the court (1) when a new trial is ordered," or (2) "when a judgment is modified." At the outset all that was involved in this case was the value and right of possession of four common sheep alleged in the complaint to be of the value of six dollars each, and in the answer $3.50 each.    The jury, by their verdict, awarded three sheep to the plaintiffs and one to the defendants.    The defendants, not to vindicate or have settled any legal principle involved in the case, but to defend a mere pecuniary interest alleged by them to be worth only $10.50, prosecuted this appeal on a transcript consisting of 325 pages, a printed abstract of sixty-four pages and a printed brief of sixteen pages, a cost, including fees, of something like $150.    Though the defendants had the right to prosecute the appeal without any reference to the amount claimed or involved, yet when the amount involved is so greatly disproportionate to the costs, and when compared with them is almost insignificant, it would seem that something else besides defending or protecting a mere monetary interest prompted the appeal.    The awarding of costs being here discretionary, I think neither party should be given costs.