Argued February 15; reversed March 28; rehearing denied
July 5, 1933

# HUNSAKER *v.* PACIFIC NORTHWEST PUBLIC SERVICE CO., ET AL.

(20 P. (2d) 433)

*Cassius R. Peck,* of Portland (Griffith, Peck & Coke, of Portland, on the brief), for appellant.

*Paul R. Harris,* of Portland (Davis & Harris and Donald K. Grant, all of Portland, on the brief), for respondent.

RAND, C. J. This is an action to recover damages for personal injuries alleged to have been caused by the concurring negligence of both defendants. The injuries resulted from a collision between a street-car operated by the defendant company and an automobile driven by the defendant Nelson. The accident happened at about 9:15 a. m., on February 5, 1931, at the intersection of East Ankeny street and East Fifteenth street in the city of Portland. Both streets are thirty-six feet in width from curb to curb. The defendant company maintains a double track street-car line on East Ankeny street, the tracks being in the center of the street. The street-car was proceeding westerly on

the northerly track at about fifteen miles an hour and the automobile was being driven northerly on East Fifteenth street at about the same rate of speed. Plaintiff was employed by the Northwest Electric Company as a lineman and was engaged at the time in stringing wires over the north side of the intersection. His duties required him, while the wires were being strung across the street, to see that persons passing over the intersection did not come in contact therewith. While he was so employed and standing in the pedestrian lane crossing East Fifteenth street on the north side of the intersection at about ten feet from the westerly curb of the street, the automobile collided with the front end of the street-car, causing the automobile to swerve against him and to cause the injuries complained of. Nelson testified that he did not see the street-car until about three or four feet therefrom, but the evidence shows that in crossing the intersection he swung his car to the left and passed in front of the street-car near the center of the street and on the westerly side thereof. After the collision, the street-car was stopped within the intersection. The statute gave to the street-car the right of way over the intersection.

Judgment was given against both defendants and the defendant company has appealed, assigning as error the refusal of the court to give three instructions requested by the defendant as to defendant having the right of way. Nelson has not appealed.

The three instructions which the court refused to give were as follows:

"If you find from the evidence that the street-car as it approached and entered the intersection was being operated at a reasonable rate of speed and that the

street-car and the automobile were simultaneously approaching the point of collision, then the street-car had the right of way''.

"If, under the instruction just given you upon the question of right of way, you find the street-car had the right of way, then I instruct you that it was the duty of the defendant Nelson to decrease the speed of his automobile or stop it if necessary to yield the right of way to the street-car, and in failing to do so he was negligent, and if such negligence was the sole proximate cause of the collision, you will return your verdict in favor of the defendant company''.

"If you find, under these instructions, that the street-car had the right of way, then there was no duty upon the motorman to reduce the speed of said street-car so as to permit the automobile to cross in front of said street-car''.

Section 55-702, Oregon Code 1930, provides:

"Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on the right, simultaneously approaching a given point, whether such vehicle first enter and reach the intersection or not; provided, that street and interurban cars and emergency vehicles shall have the right of way at all times at such highway intersections''.

This statute expressly declares that over public intersections "street and interurban cars and emergency vehicles shall have the right of way at all times''. Nelson's automobile was not an emergency vehicle and he did not have the right of way in crossing the intersection. It was his duty, therefore, when approaching the crossing to proceed with sufficient care to permit the exercise of such right by the street-car without danger of collision. His failure to do so was negligence as a matter of law. The question of whether the motorman was also negligent could only be determined after giving due consideration to the fact that he had the right of way. Having the right of way, the motor-

man was not bound to anticipate that the automobile was not going to yield the right of way and, until he knew or, by the exercise of due care upon his part, should have known that fact, he was entitled to proceed over the intersection at a reasonable rate of speed and was under no duty to slow up or slacken his speed in order to prevent a collision with the automobile of which he could have no reasonable ground to anticipate. His duties, therefore, to exercise due care to avoid a collision with the automobile could only have arisen after he knew or, by the exercise of reasonable care, should have known that the automobile was not going to yield the right of way to the street-car. This made the question of who had the right of way a matter of great importance in the case and, since that right was granted by the statute, it was the duty of the lower court to plainly and unequivocally inform the jury that the street-car and not the defendant Nelson had the right of way while crossing the intersection. Instead of doing so, the court refused to give the instructions requested which would have apprised the jury of that fact, and left it to the jury to determine whether the street-car or the automobile had the right of way, and this, we think, was clearly reversible error. As said by Judge Cardozo in *Ward v. Clark,* 232 N. Y. 195, 198 (133 N. E. 443):

"The privilege thus conferred is not inflexible and absolute. A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced. It helps us little when without it the balance would be unequal. A right of way might turn the scales if, when the plaintiff started to cross, the cars had been equidistant, or nearly so, from the point of the collision, due regard being had also for the speed of their approach. Even with the distances what they were, it was an element which the triers of the facts were to consider in their estimate of conduct".

██ Plaintiff contends, however, that because the trial court read the above section of the statute and other sections of what is commonly referred to as the rules of the road, and then read certain decisions of this court in respect to the manner in which the right of way may be exercised, the error was cured. The reading to the jury of these sections of the statute and the decisions of this court in other cases, even if it apprised the jury that the street-car had the right of way, could not cure the error of submitting the question to the jury, nor could it cure the error of refusing to charge the jury that, if Nelson's negligence was the sole proximate cause of plaintiff's injury, the defendant company would not be liable. While the reading of statutes to a jury may be proper in certain cases, of which we express no opinion, the reading of decisions of this court in other cases was held to be improper in *Stewart v. Hunter,* 16 Or. 62 (16 P. 876, 8 Am. St. Rep. 267), because tending to confuse the jury. As said in that case: "To attempt to instruct a jury by reading to them from a book an opinion in another case is very liable to confuse them". We think that such was the result in the instant case.

After carefully considering the evidence and the instructions given, we are further of the opinion that, in refusing to give the first two instructions requested, which we think correctly stated the law under the facts proved, the court committed the error of refusing to instruct upon the defendant company's theory of the case. It was entitled to have its theory presented to the jury by proper instructions. *Daniels v. N. P. Ry. Co.,* 88 Or. 421 (171 P. 1178).

For these reasons, we have no alternative but to reverse the judgment as to the defendant company. Judgment reversed.

BEAN, CAMPBELL and BAILEY, JJ., concur.