Argued at Pendleton October 28; modified December 10, 1935

# ONTARIO NATIONAL BANK *v.* ROUSE

(52 P. (2d) 176)

*Robert E. Lees,* of Ontario, for appellant.

*A. A. Smith,* of Baker (Heilner, Smith, Grant & Fuchs, of Baker, on the brief), for respondent.

KELLY, J.  Plaintiff's claim to the cattle in suit is based upon a mortgage executed on March 10, 1932, by Francis Rose and recorded on March 12, 1932, in book 27, page 483, of chattel mortgage records for Malheur county.  This mortgage covered 200 head of stock cattle with their increase, some of said cattle being branded Bar-one on right hip and some branded with a stripe on right ribs.  This action was instituted to recover possession of the cattle branded Bar-one on the right hip.

Defendant's claim to the cattle in suit rests upon two mortgages.  The first of these mortgages was executed on February 4, 1927, by Herman Rose and Stella Rose, and recorded on May 3, 1927, in book 14 at page 207 of said chattel mortgage records.  This mortgage covered five head of dairy cows, the title to which is not in controversy here, and five head of range cows branded Bar-one on right hip, and secured the principal sum of $300.  The second of defendant's mortgages was executed on January 11, 1930, by Herman Rose and Sylvester Rose and recorded in book 21, at page 574 of said chattel mortgage records.  This mortgage covered 60 head of mixed cattle with increase, branded Bar-one on right hip and secured the principal sum of $1,050.

Sylvester Rose, Herman Rose, Elmer Rose and Eddie Rose are sons of Francis Rose, and Stella Rose is the wife of Herman Rose.  Defendant's mortgages were executed to Michael Rouse and John Rouse.  Prior to the institution of this action Michael Rouse died;

and defendant, John Rouse, was appointed executor of the estate of Michael Rouse. By stipulation, the case proceeded as though John Rouse were the only party interested in said mortgages.

Plaintiff denies that it has been shown that the said sons of Francis Rose owned the cattle when defendant's mortgages were executed.

Plaintiff further contends that even though the sons of Francis Rose were the true owners of said cattle, as between themselves and their father, Francis Rose, and as between themselves and any third party who had notice of such ownership, such ownership can not prevail against an innocent, bona fide third party, mortgagee, who has loaned money upon the security of such cattle to the father, who was in possession of the cattle and was the record owner of the registered brand with which said cattle were branded.

■ This being an action at law, we are bound by the findings of fact made by the trial court, if such findings are supported by any substantial evidence. The record herein is replete with testimony supporting the finding of the trial court to the effect that Francis Rose never was the owner of the cattle in suit and that his said sons owned said cattle when defendant's mortgages were executed. The three sons so testified. Disinterested witnesses testified that it was commonly known and understood in the neighborhood that the sons owned the cattle branded with Bar-one on the right hip.

Francis Rose was the registered owner of that brand and also of a brand known as the stripe brand on the ribs. While he used the Bar-one brand on his horses, the testimony discloses that since 1925 Francis Rose did not use the Bar-one brand on any of his cattle.

It is obvious, therefore, that this is not a case wherein a transfer of livestock, once owned by the father,

had been transferred to his sons. It is true that originally the father gave to each of two of his sons a calf, which became the nucleus of their herd, but the herd was augmented by purchase, barter and increase.

■■ The question presents itself as to the effect of the use, by the owners of a herd of cattle of a registered brand owned by their father. Plaintiff argues that such use of another's brand invalidates the mortgages given to defendant as to the rights of plaintiff under its mortgage executed by the owner of the brand. We can not concur in this view. The registered brand is prima facie evidence that the animal branded therewith belongs to the owner of the brand. It is not constructive notice that the animal belongs to the owner of the brand: *Stewart v. Hunter,* 16 Or. 62, 67 (16 P. 876, 8 Am. St. Rep. 267). It may be shown by parol evidence that the animals belong to some person other than the owners of the registered brand with which said animals are branded: *State v. Garrett,* 71 Or. 298, 307 (141 P. 1123).

Plaintiff relies upon the case of *Wightman v. King,* 31 Ariz. 89 (250 P. 772). In that case, the herd was in the possession of the owner of the registered brand, the cattle in suit consisted of but 12 head, being four transferred by the owner of the herd and their increase. All of the animals in the herd were branded with the registered brand. In the case at bar, the weight of the testimony supports defendant's claim that the animals in suit were not in the possession of Francis Rose; and, as stated, Francis Rose had long since discontinued the use of the Bar-one brand on his cattle.

The statute of Arizona required the seller of range cattle not only to make actual delivery but to accompany the delivery with a written, acknowledged bill of sale to the purchaser, giving the number, kind, marks

and brands of each animal sold and delivered. In the Arizona case, the court held that this and other provisions of their statute "indicate a legislative purpose to require one who buys range cattle to do something to segregate his purchase from the herd and brand of the seller and distinguish them from cattle belonging to other owners of range stock". There is no statute in Oregon requiring of the seller of cattle the execution of a written bill of sale.

■ The plaintiff failed to establish its ownership, or right to possession, of the cattle in suit.

■ In the answer, defendant alleges that at the time of the execution of the mortgage by Herman Rose and Sylvester Rose, upon 60 head of mixed cattle with increase branded Bar-one on right hip, etc., said Herman Rose and Sylvester Rose were the owners of said cattle described in said mortgage together with all the increase thereof. Defendant's exhibit F discloses that at least 15 head of the cattle are owned by Elmer Rose, five head thereof by Eddie Rose, and two of the animals by a partnership consisting of Herman, Sylvester and Elmer Rose. Neither Elmer Rose nor Eddie Rose signed defendant's mortgage. Elmer Rose testified that he consented to its execution. Bearing in mind also that neither Elmer Rose nor Eddie Rose is a party to this action, and that such possession of the cattle in suit as defendant had at the time of the institution of the action was constructive rather than actual, we think that the court was without authority to order plaintiff to return to defendant the animals belonging to Elmer Rose or Eddie Rose or said partnership. Defendant was not in constructive possession of the cattle upon which he had no mortgage.

■ Replevined goods can not be restored and returned to a person from whom they were never taken:

*Gallagher v. Bishop,* 15 Wis. \*276, p. 303; Cobbey on Replevin (2d Ed.) § 433, citing *Richardson v. Reed & Skilton & others,* 70 Mass. (IV Gray) 441 (64 Am. Dec. 77); *Hall v. White & others,* 106 Mass. 599.

"The judgment for a return, or in the alternative, for the value of the property, where no return can be had, does not follow as a necessary consequence of a determination of the action in his (defendant's) favor. Judgment for the return of the property, or its value, is affirmative relief, and the defendant must allege and prove himself entitled to it, if his right is put in issue, or it will not be awarded him." *Capital Lumbering Co. v. Hall,* 10 Or. 202, 205.

For the foregoing reasons, the judgment of the circuit court is affirmed as to the cattle owned by Sylvester and Herman Rose, to which, as stated, the right of possession vested in defendant by virtue of defendant's said chattel mortgages; but said judgment is reversed as to the cattle owned by Elmer Rose, Eddie Rose and said partnership, and this cause is remanded with directions to dismiss the same as to the cattle of Elmer Rose, Eddie Rose and said partnership and to modify said judgment by directing plaintiff to make return to defendant of the cattle owned by Sylvester and Herman Rose only and by proportionally reducing the aggregate amount of the alternative judgment effective in case such return to defendant can not be made so that said aggregate amount of said judgment may conform to the value of said cattle, as found by the court, so ordered to be returned.

The circumstances, disclosed by this record, are such that neither party hereto should recover costs or disbursements on appeal, and it is so ordered.

Rossman, Bailey and Belt, JJ., not sitting.