SARAH A. CRAUF, Appellee, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellant.

*Opinion filed June 18, 1908.*

STREET RAILWAYS—*it is negligence to start car before passenger has alighted.* After a street car has stopped at a street intersection upon signal by a passenger it is the duty of the servants of the company not to start the car until after the passenger has had a reasonable opportunity to alight, and it is negligence to start the car without notice to the passenger while she is in the act of alighting and before she has had time to alight in safety. (*Chicago City Railway Co.* v. *Dinsmore,* 162 Ill. 658, distinguished.)

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, for appellant.

ARNOLD TRIPP, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee, against the appellant, in the circuit court of Cook county, to recover damages alleged to have been sustained by the appellee from a fall occasioned by the negligence of the appellant while alighting from one of the appellant's electric street cars upon which she was a passenger, at the intersection of Sixty-third street and Homan avenue, in the

city of Chicago, on the 18th day of April, 1903. The jury returned a verdict in favor of the appellee for the sum of $1200, which has been affirmed by the Appellate Court for the First District, and the street car company has prosecuted a further appeal to this court.

The appellant relies upon two grounds for a reversal in this court: First, the refusal of the court, upon the motion of the appellant, to take the case from the jury at the close of all the evidence; and second, the action of the court in giving to the jury appellee's first instruction, which informed the jury that if they believed, from the evidence, that plaintiff signaled to the conductor to stop the car, and that the car was stopped, and that plaintiff, while the car was at a standstill, started to get off, and while she was in that act, without notice to her, the car, at the signal of the conductor, started with a jerk before she had time to alight, and that she did not have a reasonable opportunity to alight before the car was started, and that by reason thereof, while she was in the exercise of reasonable care for her own safety, she was thrown down and injured, defendant was liable.

The evidence of appellee tended to establish that she took passage upon one of appellant's electric street cars in the down-town district of the city for her home upon the south side, situated near the intersection of Sixty-third street and Homan avenue; that as the car approached Homan avenue, running west upon Sixty-third street, the appellee signaled the conductor to stop the car; that the car stopped upon the west side of Homan avenue, and the appellee, with her umbrella and suit case in hand, started to leave the car; that as she stepped upon the lower rear step upon the north side of the car, and before she had time to reach the ground, the street being unpaved, upon the signal of the conductor the car was suddenly started and she was thrown to the ground and injured. The evidence of the appellant tended to show that the appellee reached the street

in safety, after which, in attempting to pass in the rear of the car from which she had alighted, she tripped and fell, and that the appellant was not in any way responsible for her injury. This court cannot weigh the evidence, and as there is evidence in the record fairly tending to support the appellee's cause of action it is bound by the judgment of the Appellate Court as to the facts, and under the law is required to hold that the trial court did not err in refusing to take the case from the jury.

The criticism made upon the appellee's first instruction is, that the court therein treated the question of the appellant's negligence as one of law when the question should have been treated as one of fact and submitted to the jury. The general rule is that negligence is a question of fact. If, however, the conclusion of negligence necessarily results from a given statement of facts, the court may say to the jury, as a matter of law, that such facts establish negligence. (*Chicago and Iowa Railroad Co.* v. *Lane,* 130 Ill. 116; *Chicago and Eastern Illinois Railroad Co.* v. *O'Connor,* 119 id. 586; *Hoehn* v. *Chicago, Peoria and St. Louis Railway Co.* 152 id. 223.) Under the repeated rulings of this court it was the duty of the appellant, upon the request of the appellee, to stop its car at the intersection of Sixty-third street and Homan avenue to enable the appellee to leave the car, and, after the car had stopped, not to start it until the appellee had an opportunity to alight therefrom in safety, and it was negligence on the part of the appellant to suddenly start the car before appellee had alighted therefrom. (*Chicago City Railway Co.* v. *Mumford,* 97 Ill. 560; *Chicago West Division Railway Co.* v. *Mills,* 105 id. 63; *Chicago and Alton Railroad Co.* v. *Arnol,* 144 id. 261; *North Chicago Street Railroad Co.* v. *Cook,* 145 id. 551.) Upon the hypothesis that the facts stated in said instruction were true,—and the jury were required to find, from the evidence, they were true,—we think the conclusion of law necessarily followed that appellant was guilty

of negligence, and that the court did not err in giving to the jury said instruction.

In *Chicago City Railway Co.* v. *Dinsmore,* 162 Ill. 658, the giving of an instruction similar to the instruction given in this case was held, under the facts of that case, to be reversible error. The facts in that case were different from those of the case at bar.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*