## Gertrude Carroll, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 18,407.

1. CARRIERS—*general issue.* Where defendant street railway company pleads the general issue, plaintiff is required to prove her allegations that she was a passenger and that defendant was negligent in suddenly starting its car.

2. INSTRUCTIONS—*which direct a verdict.* Where an instruction directs a verdict against defendant if the jury find certain facts, it should include all the elements of the cause of action that the declaration makes essential to recovery.

3. CARRIERS—*instructions assuming facts.* Where defendant street railway company pleads the general issue, instructions which assume that plaintiff was a passenger are erroneous.

4. EVIDENCE—*where failure of proof does not constitute admission.* In a personal injury action, where defendant, claiming to have had no knowledge or notice of the case until suit was instituted, pleads the general issue and in its defense proceeds to question the claim of negligence and the relationship of carrier and passenger, a failure to disprove either directly does not constitute an admission.

5. CARRIERS—*questions of fact.* In a personal injury action, questions of fact as to the relationship of plaintiff and defendant and as to negligence of defendant are to be determined by the jury without any intimation or assumption in the instructions as to the proper conclusion.

6. CARRIERS—*where instructions assume facts.* In a personal injury action, an instruction which assumes that merely being on a street car creates the relationship of passenger and carrier and assumes that plaintiff was on the car is erroneous.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed May 9, 1913.

B. F. RICHOLSON and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

McMAHON & CHENEY and E. C. RENIFF, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Appellee recovered a judgment for injuries which she claimed and alleged in her declaration were received by the sudden and negligent starting of a car operated and controlled by appellant while she was alighting therefrom.

The declaration contained one count and alleged that she was riding as a passenger upon said car, and that it was stopped at a street intersection to permit her to alight; whereas it appears from her own testimony that when the car reached the intersection she stepped from the street to its platform and inquired whether it would take her to 12th street, and learning it would not, immediately alighted therefrom. We need not consider, however, appellant's contention that the proof fails to support the declaration, or whether the gist of the action is the same whether plaintiff was alighting from a car on which she had been riding or from one under the circumstances she testified to, for error in giving certain instructions requires that the case be remanded for a new trial.

The case is one designated by appellant as a "blind" case, that is, one of which it claims to have had no knowledge or notice prior to the institution of the suit, and therefore one which it was unable to meet with direct proof. Its plea of general issue, however, required plaintiff to prove each essential element of her cause of action and, therefore, that she was a passenger and that the defendant was negligent in suddenly starting the car. Neither fact was admitted and each was for the jury to determine under proper instructions of the court. Two of the instructions given at the request of plaintiff read as follows:

"6. The jury are instructed that it is the duty of the defendant in this case to use the highest degree of care and caution reasonably consistent with the practical operation of its road, to prevent injury to its passengers, and if the jury find from the evidence

that the employes of the defendant failed to exercise such degree of care while the plaintiff was alighting from its car, and as a result of such failure the plaintiff was injured, then your verdict should be for the plaintiff, provided you also find from the evidence that the plaintiff at the time she was injured was in the exercise of ordinary care for her own safety.

7. The jury are instructed that if you find from the evidence that the plaintiff was on a car of the defendant and that an employe of the defendant caused the car to start while she was in the act of alighting therefrom and thereby she was thrown to the ground and was injured; and if you further find from the evidence that such employe of the defendant knew or by the exercise of reasonable care and diligence could have known that the plaintiff was in the act of alighting from said car when he caused the same to start, and if you further find from the evidence that the plaintiff, while she was alighting from the car, was in the exercise of ordinary care for her own safety, then you should find the defendant guilty.''

In each of these instructions the court assumes as a fact that plaintiff was a passenger. While defendant could not, under the circumstances, prove directly that she was not, or that there was no such accident, the theory on which its defense proceeded was to question the claim of negligence and the relationship of carrier and passenger, and a failure to disprove either directly did not constitute an admission of it. The existence of either as a fact was for the jury to determine without an intimation or assumption in the instructions as to the proper conclusion. *Illinois Cent. R. Co. v. Johnson,* 221 Ill. 42. Each of the instructions directed a verdict against the defendant if the jury found certain facts and, therefore, should have included all that the declaration made essential elements of the cause of action. *Mooney v. City of Chicago,* 239 Ill. 414; *Ratner v. Chicago City Ry. Co.,* 233 Ill. 169; *Swiercz v. Illinois Steel Co.,* 231 Ill. 456. One of these elements was the existence of such relationship, and another the fact of negligence. In both instructions

the former is omitted. They authorize a verdict against defendant whether plaintiff was a passenger or not. Both assume that merely being on the car created such relationship, and No. 6 assumes as a fact that she was on the car.

In instruction No. 7 the jury was not expressly required to find that defendant was negligent, but were told that if plaintiff was on the car (whether as a passenger or not) and while alighting therefrom was thrown to the ground by defendant's employe causing the car to start (whether started suddenly as alleged in the declaration or not), then if she was exercising ordinary care for her own safety and the employe knew or had notice of her alighting, the defendant was guilty. In *Chicago City Ry. Co. v. Dinsmore*, 162 Ill. 658, a similar instruction, which expressly required, what No. 7 omits, that the jury find as facts the relation of passenger and the sudden starting of the car, was nevertheless held erroneous because the acts of defendant mentioned in the instruction did not necessarily constitute negligence.

In a later case, *Crauf v. Chicago City Ry. Co.*, 235 Ill. 262, which was distinguished from the *Dinsmore* case, *supra* as to the facts, a similar instruction was upheld on the theory that the facts it required to be found constituted negligence at law because it was the duty of the carrier not to start its car until the passenger had an opportunity to alight therefrom in safety. In both cases, however, the plaintiff was alighting from a car on which she had been riding as a passenger, and her relation as such does not appear, as in the case at bar, to have been questioned. If it were an uncontroverted question whether appellee sustained such relation, the *Crauf* case, *supra*, might apply. But if she was not a passenger, it did not follow as a matter of law, defendant not then being held to the highest degree of care, that, upon the facts stated in the instruction, appellant was necessarily liable. As

such relation was a controverted fact, we think both instructions were erroneous in assuming its existence. The judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*