OLSEN v. S. H. KRESS & CO. Inc.

No. 5544.   Decided August 27, 1935.   (48 P. [2d] 430.)

52

*E. F. Richards,* of Salt Lake City, for appellant.

*N. H. Tanner,* of Salt Lake City, for respondent.

EPHRAIM HANSON, Justice.

Plaintiff brought suit against defendant in the district court of Salt Lake county for damages resulting from injuries alleged to have been sustained by her while in the defendant's store making purchases of merchandise. The case was tried before a jury and resulted in a verdict in favor of the plaintiff in the sum of $3,000. Since defendant assigns as error the overruling of its demurrer to plaintiff's complaint, it becomes necessary to make a statement of that part of the complaint thus attacked. The complaint alleges that while plaintiff was lawfully in defendant's store, standing by a display counter examining and purchasing dishes, the defendant's servant

"carelessly and negligently pushed and drove a truck basket filled with dishes along said aisle where plaintiff was standing, against and upon plaintiff, striking and throwing plaintiff with great force and violence in the said truck basket, thereby seriously injuring, bruising and wounding plaintiff in her right side, her right leg and in her back and abdomen so that she had a miscarriage and has become otherwise sick, sore and disabled physically, internally and permanently, * * * and that as a result of said injuries plaintiff will be required to have a major surgical operation upon her person in order to relieve her of said injuries, pain and suffering, and that plaintiff continues to suffer constant pain and nervous shock, internal injuries and derangement of her genital organs."

By its demurrer, defendant claims the complaint is uncertain in that, first, it canont be ascertained therefrom

"in what manner plaintiff is internally and permanently injured," and, second, "why or what kind of surgical operation said plaintiff will have to have performed upon her person." Defendant further alleges in its demurrer, in separate paragraphs, that the complaint is ambiguous and unintelligible for the reasons above stated.

We are inclined to the view that the complaint is uncertain in the particulars claimed and the demurrer, in the first instance, might well have been sustained so as to more fully inform defendant as to what the plaintiff relied upon. However the complaint, as a whole, does show that the internal injuries complained of consisted of injuries to and derangement of the sex organs. No other kind of internal injuries is described by the complaint. And the fair inference is that the surgical operation referred to would be one calculated to correct such injuries and derangement. At least, there were sufficient facts pleaded to inform defendant that both the injuries and the operation which might be required were connected with the miscarriage and would naturally involve the sex organs. There was no attempt to prove any other internal injuries or the need of surgical treatment not connected with effects resulting from the miscarriage. It also appears that defendant sent Dr. Allen to examine plaintiff shortly after the accident and that he later examined plaintiff again. But defendant did not see fit to call him to testify. Under all of the circumstances, we do not feel that we can indulge the presumption that defendant has been injured by any error committed in not sustaining its demurrer for uncertainty in the particulars claimed. Unless there is a basis upon which injury or prejudice may be presumed, the error, if any, must be overlooked and is not reversible. *Ryan* v. *Beaver County*, 82 Utah 27, 21 P. (2d) 858, 89 A. L. R. 1253. In our opinion the record, as above referred to, sufficiently meets and overcomes the presumption of injury which might be claimed from whatever error was involved in the lower court's failure to sustain defendant's demurrer on the ground of uncertainty.

The complaint is not ambiguous or unintelligible in the particulars claimed and defendant's demurrer on those grounds was properly overruled.

It is next claimed by defendant that the evidence is insufficient to justify the verdict and that the damages assessed are excessive. The plaintiff testified that she entered defendant's store and had purchased some cups and saucers and was waiting for them to be delivered to her. While she was so waiting, she was standing on the south side of and right against one of defendant's counters examining some dishes and was facing towards the left or northeast. While so standing, she felt herself struck on the back of and between her legs by a basket containing dishes. However, she did not see the basket before being hit. She tried to catch herself but could not and was thrown around in the basket, the shin of her right leg hitting the basket. She was assisted from the basket by defendant's employees. Plaintiff says she was dazed and nervous and all upset. Upon reaching home her leg was paining her and she had pains all around the lower part of her body and back. Her pain continued without interruption and in about two weeks she began flowing and continued to flow four or five days, suffering great pain. Since that time she has lost a lot of blood and has suffered considerable pain, and her monthly periods have never been normal. Her physician testified definitely that she had a miscarriage and that in his opinion it was caused by the injuries received in the accident above described. He further corroborated the plaintiff as to her condition since the injury. It was his opinion that to restore her health would require a dilatation currettment to clear up her unnatural internal condition. Plaintiff's husband testified that she was in good health prior to the accident, but since that time she has not had good health; she has lost weight and suffered quite a lot of pain; has been in bed about two weeks; and has been unable to do her household duties since receiving her injuries.

Defendant's witnesses described the scene of the accident in detail. The truck basket involved was pulled along the floor from an elevator to the east and south of the counter described by plaintiff. There is a large landing to the south of the counter at the head of a flight of stairs leading to a lower level of the store. The distance north and south from the counter to the stairs is nine feet. The elevator is to the east of the stairs and the basket was pulled across the landing in a northwesterly direction. There was another counter to the east of the counter first mentioned which was eight feet wide and also nine feet from the head of the stairs, the counters being separated by a five-foot aisle. To the east of this last-mentioned counter there was an additional open space leading to the elevator. So that after leaving the elevator and getting into the space between the east counter and the stairs the basket would cross an open space nine feet by thirteen feet before reaching the counter at which plaintiff was injured.

Mr West, who was pulling the basket into which plaintiff fell, testified that he first saw plaintiff in the aisle between the two counters as he was pulling the baskets at a point a few feet to the south of the east side of the aisle which separated the counters. He says she was then standing in the aisle about three feet north of the south end of the west counter. The witness intended to take the baskets up the nine-foot aisle to an aisle to the west of said counter. He did not see plaintiff leave the position she was in when he first saw her and did not see her again until after the accident, nor did he look from the time he left the position where he first saw her to the time when the collision occurred. He did not know she was in his proximity until he felt something and turned and saw she was in the basket. He was pulling two baskets, one behind the other, in a westerly direction and was looking and facing south as he was pulling. There were no customers coming down the aisle or towards him. Apparently the nine-foot aisle was free from customers or obstructions. As he was thus pro-

ceeding, he felt something jerk and turned around and saw plaintiff in the basket. At the time she and the basket collided, she was about a foot and a half south of the southeast end of the west counter. He could not explain how he ran into the plaintiff without seeing her. While going in the position stated, he probably could not look north. The basket was fifteen and one-half inches wide, twenty-eight inches long, and nine and one-half inches high.

Mr. Coult, another of defendant's employees, testified he was pulling baskets behind West. He did not see plaintiff until she bumped into the basket with her foot. She hit the basket with her foot and went down in the basket with one hand. The reason he did not see her before was because he was looking ahead to watch for people and partly behind to see that they did not come from the back. Apparently he did not see plaintiff until the collision occurred. Miss Gardner testified she assisted plaintiff to a seat after West had helped her out of the basket. The witness' attention was attracted by the noise incident to the collision and she did not see plaintiff fall.

The evidence further showed that the basket contained glasses, but none were broken by plaintiff's fall. There was also evidence that it was customary to transport merchandise about the store in these baskets. Defendant argues that there is no proof to sustain the allegation that the defendant

"carelessly and negligently pushed and drove a truck basket along said aisle where plaintiff was standing against and upon plaintiff, striking and throwing her with great force and violence in the said truck basket."

With such contention we cannot agree. There is a conflict in the testimony as to whether plaintiff was struck or she stumbled over the basket. The jury, by its decision, has settled that question and we have no authority to disturb its finding. From defendant's own testimony, the jury would be justified in finding that West did not keep a lookout and was proceeding without observing where he was

going so far as any one who might happen to be in the aisle and in his path was concerned, and so caused the basket to strike plaintiff.

It is also contended that the jury must have been influenced by prejudice against chain stores and large corporations in giving judgment for the sum of $3,000. We have outlined briefly the nature and extent of plaintiff's injuries. From an examination of the whole record bearing thereon, we do not think that the amount of the judgment is so excessive as to show prejudice or so excessive as to require us to interfere with the verdict in that regard.

Defendant assigns as error the refusal of the trial court to give certain requested instructions. The first request was for a directed verdict. It is clear that the evidence was sufficient to require a submission of the case to the jury and no error was committed in refusing such instruction.

Defendant next requested the court to instruct the jury to the effect that the defendant was not an insurer against accidents to its customers, and if they found that the injury to plaintiff was accidental and not caused by negligence on the part of the defendant, then they should find for defendant. It may be conceded that the defendant was not an insurer of its customers. However, the court did instruct the jury that before plaintiff could recover she must prove negligence on the part of the defendant by a preponderance of the evidence and further instructed that defendant owed plaintiff the duty of exercising reasonable care for her safety and protection and that plaintiff must also exercise ordinary and reasonable care for her own safety. These instructions were sufficient to tell the jury that defendant was not an insurer and to cover the other points contained in defendant's request.

Defendant also requested the court to instruct that should the jury find that it was the general custom to transport merchandise about the store in baskets and that such method

was one which a reasonably prudent person would use and if the defendant's employees were pulling the baskets in a manner that a reasonably prudent person would do the same, then they should find for defendant. Refusal to give this instruction is assigned as error. We fail to perceive wherein the general custom of transporting merchandise in truck baskets has or could have any materiality in this case. Plaintiff did not complain as to the method used, but only as to the manner in which the baskets were being pulled. It may be conceded that there was no negligence in using truck baskets to haul merchandise and that a reasonably prudent person would employ such method, just the same as one would use an automobile truck to haul merchandise from place to place. There was nothing inherently dangerous or extraordinary in the use of truck baskets. Negligence would arise in this case only from the manner in which the baskets were being pulled and not from the fact they were being used as a method of hauling goods, and the requested instruction, in its final essence, recognized this. It would, therefore, have served no useful purpose and could only have been confusing to the jury to inject the question of the reasonableness of the method of transportation.

On the question of damages the trial court instructed the jury that they must first determine whether plaintiff suffered a miscarriage as a proximate result of the accident. If they found that she did not so suffer, then they should not include any damages for miscarriage or for any pain and suffering therefrom, but only such pain and suffering and impairment of ability as may have resulted independent of the miscarriage, and they should then "only take into consideration such bodily pain and suffering caused by such injuries, if any, as you may believe have been shown to have resulted proximately from the accident or which in the future you believe she may suffer. If you believe from the evidence she may suffer any pain in the future." Defendant excepts to this instruction for the reason

that there is no evidence to support future pain and suffering unless the miscarriage was caused by the accident. However, the evidence shows that plaintiff's leg was bruised and she had pains all around the lower part of her body and back and that these pains have continued. Whether these injuries and pains were connected solely with the miscarriage and so should not be considered if the miscarriage were eliminated from consideration was a question of fact which the jury should pass upon. The trial court could not, nor can this court say, as a matter of law, that these injuries and pains were a part of the injuries and pains growing out of or inseparately connected with the miscarriage. Whether there would be future pain resulting from the injuries other than those incident to the miscarriage was likewise a question for the jury. We see no error in this instruction.

In its fifth instruction the court told the jury that, on the question of negligence, they must determine whether plaintiff was struck by the basket while it was being pulled by the defendant's employee while she was standing at the counter, or whether she walked into said basket and stumbled over it and was injured. The court then used the following language:

"You are instructed that if you find from a preponderance of the evidence that the plaintiff was standing by the counter examining dishes preparatory to or in the act of making purchases and that while there she was struck by a truck basket pulled by an employee of the defendant, such act would constitute negligence, and if you further believe that plaintiff suffered injury by reason of such negligence, if you believe there was such negligence, then plaintiff would be entitled to recover."

The court instructed similarly that plaintiff would be guilty of contributory negligence if she failed to see the truck when, by the exercise of ordinary and reasonable care, she should have seen it in time to avoid the accident and she, by reason of such failure, walked into it and stumbled over it.

Defendant takes exception to that part of the instruction in quotation marks and argues that it is in conflict with

instructions 3, 4, and 6 and invades the province of the jury by telling them that certain acts constitute negligence and takes away from the jury the consideration of the question as to whether defendant carelessly and negligently pushed its basket into and against plaintiff as alleged by her. In its third instruction the court charged that the mere happening of an accident is not of itself sufficient to charge defendant with negligence; that plaintiff had the burden of proving negligence, as charged in the complaint, by a preponderance of the evidence; and that such negligence proximately caused the accident and injuries. Instruction 4 defines the duty of defendant toward plaintiff as a business invitee and plaintiff's duty as such invitee to look after her own safety. Instruction 6 contains a general definition of negligence. We do not think that there is any conflict between these instructions and the one excepted to. It does not follow that to define negligence generally necessarily involves a conflict with a specific definition containing a statement of facts which would constitute negligence. The most that can be said is that after a specific definition of what acts, if found to exist, would constitute negligence, a general definition of negligence would simply be superfluous.

As to whether the court could thus specifically define negligence in terms of facts hypothetically stated without invading the province of the jury presents the most serious question involved in this appeal. The giving of such instructions is exceedingly dangerous and should not ▮▮▮ be encouraged for ordinarily the court may not tell the jury what is or what is not negligence or fix the weight to be given to a given statement of facts. However, as stated in 20 R. C. L. pp. 172, 173, § 144,

"where, under the rules of law, a given class of facts, embodying all the controlling facts in evidence and the reasonable inferences arising therefrom, constitute either negligence or due care, it is proper for the trial court to tell the jury so for their guidance in returning their verdict. And an instruction that certain facts constitute negligence, which assumes nothing as facts but presents a hypothetical case

raised by the evidence and applies the law thereto is held not to be an invasion of the province of the jury."

See, also, 64 C. J. p. 528; *Crauf* v. *Chicago City Ry. Co.*, 235 Ill. 262, 85 N. E. 235; *Omaha & C. B. Ry. & Bridge Co.* v. *Levinston*, 49 Neb. 17, 67 N. W. 887; *Goldberger* v. *Market St. Ry. Co.*, 130 Cal. App. 597, 20 P. (2d) 351. And this court, in the case of *Lewis* v. *Davis*, 59 Utah 85, 201 P. 861, in commenting on the case of *Smith* v. *Cummings*, 39 Utah 306, 117 P. 38, Ann. Cas. 1913E, 129, intimated that had the facts stated in the instruction there involved constituted ownership as a matter of law there would have been no reversible error in giving it.

The question, therefore, to be decided is whether it necessarily follows as a matter of law that if plaintiff was standing by the counter examining dishes preparatory to or in the act of making purchases, and while so standing she was struck by a truck basket pulled by defendant's employee, the defendant would be guilty of negligence. Such instruction must be considered in the light of the circumstances obtaining at the time of the collision. Defendant's employee was walking and pulling the basket along the floor. It was a slow moving conveyance entirely under the employee's control and guidance. It could not move without being pulled by him. The aisle in which it was being pulled was nine feet wide, free from obstructions and customers, except plaintiff, while the basket itself was only fifteen and one-half inches wide. The plaintiff, under the assumed facts, was standing still attending to her purchases. Under all such circumstances, how the basket could come into collision with plaintiff without being negligently pulled is inconceivable. We think that all reasonable minds could arrive at but one conclusion under such conditions and that conclusion is that in some manner the employee failed to exercise ordinary care and prudence in bringing the basket into collision with the plaintiff. Such being our view of the matter there was no reversible error committed in giving that part of the in-

struction above quoted. It is not necessary to inquire into the question as to whether the court invaded the province of the jury in giving the other part of the instruction defining specifically plaintiff's contributory negligence, as defendant has not argued it, and the error, if any, therein involved could only be to defendant's advantage.

There being no reversible error in the record, the judgment of the lower court is affirmed, defendant to pay costs.

ELIAS HANSEN, C. J., FOLLAND and MOFFAT, JJ., and HARRIS, District Judge, concur.

WOLFE, J., being disqualified, did not participate herein.