McMASTER v. SALT LAKE TRANSP. CO.

No. 6790. Decided June 2, 1945. (159 P. 2d 121.)

See 13 C. J. S., Carriers, sec. 676; 10 Am. Jur., 163.

*Moyle & Moyle,* of Salt Lake City, for appellant.

*Ingebretsen, Ray, Rawlins & Christensen,* of Salt Lake City, for respondent.

WOLFE, Justice.

Action for damages arising out of personal injuries. The jury returned a verdict of no cause of action and judgment was entered thereon. From this judgment the plaintiff appeals.

The plaintiff, Agnes V. McMaster, was injured when she fell while getting out of a taxicab operated and under

the exclusive control of the defendant, Salt Lake Transportation Company. The plaintiff is a woman about 56 years of age. She engaged a taxicab owned by the defendant to convey her from the L. D. S. Hospital to the home of her sister at No. 8 North Wolcott Avenue, Salt Lake City, Utah. The taxicab arrived at the home of the sister and proceeded to an alleyway at the rear of the house. It was there parked on a cemented area in front of the double garage located on the sister's premises. The plaintiff opened the left rear door of the taxicab and proceeded to get out. As she alighted from the taxicab she fell to the ground and was injured.

The evidence is in conflict as to the cause of the fall. There is evidence that the taxicab moved and threw her to the ground. There is also evidence from which the jury could properly find that the taxicab did not move and that the fall was in no way caused by negligence of the defendant. The jury returned a verdict of no cause of action. No contention is made on appeal that the evidence was not sufficient to go to the jury and to support the verdict rendered. We need not, therefore, detail the evidence relating to the cause of the fall.

While there are ten assignments of error, only three basic issues are raised for review. The first deals with the correctness of the instructions given. The second relates to the granting of a motion to strike certain evidence offered to show damage. The third involves the denial of plaintiff's motion for a new trial.

The gist of the objections regarding instructions lies in the fact that the court gave an instruction defining the term "ordinary care" and then in other instructions told the jury that defendant was liable only if the evidence showed that the defendant was negligent. The contention is that the instructions when taken together with the instruction defining "ordinary care" gave the jury the impression that the defendant was required to use only ordinary care for the plaintiff's safety.

Under the cases it is clear that the defendant had the duty to use more than ordinary care for the safety of the plaintiff while she was a passenger in defendant's taxicab. The duty imposed upon the defendant by law was to use the utmost care to transport the plaintiff safely. See *Sine* v. *Salt Lake Transportation Co.*, 106 Utah 289, 147 P. 2d 875. Therefore, an instruction defining "ordinary care" could have been of no possible aid to the jury. The term is not, except in the definition, used in the instructions and therefore needed no definition. Yet in view of the other instructions given, we do not think that the jury could have been misled in this regard.

The jury was told in instruction number 8 that the law imposes on the defendant taxicab company the duty to exercise the highest degree of care. Instruction number 10 told the jury that:

"While such relationship [of public taxicab carrier and passenger] exists, the law imposes the duty upon a taxicab carrier of exercising the highest degree of care to protect its passengers against accidents. * * *"

It must be kept in mind that the taxicab operator is not the insurer of the safety of the passengers carried therein and is liable only for negligence which proximately causes injury to the passenger. See *Sine* v. *Salt Lake Transportation Company*, supra. The only negligence pleaded or which could possibly be spelled out of the evidence is the moving of the taxicab while the plaintiff was attempting to alight therefrom. The jury was instructed that if they believed that the taxicab moved while the plaintiff was attempting to alight therefrom, and that the movement of the taxicab caused the plaintiff to fall and suffer damage, the plaintiff was entitled to recover. Instruction 11 told the jury that they could not find for the plaintiff unless they believed that the defendant either caused or permitted the taxicab to move.

In view of the instructions telling the jury that the defendant owed the highest degree of care to transport the

plaintiff safely and the instructions telling the jury that the plaintiff was entitled to recover if the taxicab moved, it is not likely that the jury was at all misled or confused by the giving of a definition of ordinary care. Particularly is this true where the term defined "ordinary care" was not used otherwise than in the definition. Further, no exception was taken to the giving of the instruction defining ordinary care.

The definition of negligence given was abstractly correct. In connection with the definition of negligence the jury was told that defendant's duty was "dictated by the exigencies of the occasion." In view of the instructions referred to above, in which the jury was told that a taxicab carrier owed the highest degree of care for the safety of its passengers, the jury must have understood the circumstances of this case required the defendant to use a high degree of care.

In the last analysis liability in this case was dependent upon whether or not the taxicab moved and the jury was so advised. The verdict of no cause of action must be taken as a finding that the taxicab did not move. Regardless of the duty imposed by law on the taxicab operator to use care for the passenger's safety, the only breach of duty claimed in this case is that the taxicab was allowed to move while the plaintiff was attempting to get out. The jury was so instructed. It would have been much better had the instructions been boiled down so as merely to present this issue and the general definitions had been eliminated. In this regard, the case is not unlike the case of *Olsen* v. *S. H. Kress & Co.*, 87 Utah 51, 48 P. 2d 430 435, wherein the plaintiff, a customer in defendant's store, alleged that while standing by a counter examining some dishes she was struck by truck basket being pulled through the store by defendant's employee. On appeal it was contended that an instruction generally defining negligence was in conflict with a specific definition which contained a statement of

the facts which would constitute negligence. It was held that:

"It does not follow that to define negligence generally necessarily involves a conflict with a specific definition containing a statement of facts which would constitute negligence. The most that can be said is that after a specific definition of what acts, if found to exist, would constitute negligence, a general definition of negligence would simply be superfluous."

It was concluded that the only issue was whether or not the truck basket struck the plaintiff while she was standing by a counter examining dishes. If it did, the defendant was liable as a matter of law. If it did not, there was no liability. In the instant case the jury was told that the defendant was liable if the cab moved and was not liable if it did not move. The general definitions of negligence and ordinary care were superfluous. But as noted above, it does not appear that the jury in any way could have been misled thereby.

Our holding that there was no reversible error in the instructions makes it unnecessary to decide whether or not the trial court erred in granting the defendant's motion to strike certain evidence relating to damages. Since the jury found no liability, the failure of the jury to consider a possible element of damages could not have been prejudicial.

The motion for new trial was substantially in the language of the statute which sets forth the grounds upon which a motion for new trial may be made. See Section 104-40-2, U. C. A. 1943. No affidavits were filed in support of the motion and the matter, while assigned as error, is not argued in the briefs. The granting or denying of a motion for a new trial rests largely in the discretion of the trial court. There is nothing in the record on appeal to indicate that this discretion was abused in this case.

Judgment affirmed. Costs to the respondent.

LARSON, C. J., and McDONOUGH, TURNER, and WADE, JJ., concur.