Deanna KLEINERT, Plaintiff and Appellant,

v.

KIMBALL ELEVATOR COMPANY, a Utah corporation; HRB Company aka The Boyer Company, a Utah corporation; The Boyer Company, a general partnership; 185 South State Associates aka Boyer Foothills Partnership, Ltd., a limited partnership; Boyer–Gardner Properties Partnership, a general partnership; H. Roger Boyer, an individual; Kem C. Gardner, an individual; and 185 South State Owners' Association, a Utah corporation, Defendants and Appellees.

No. 920224–CA.

Court of Appeals of Utah.

June 4, 1993.

---

Fred R. Silvester, Paul M. Simmons, and H. Michael Drake, Salt Lake City, for plaintiff and appellant.

Wallace R. Lauchnor, Russell C. Fericks, Michael A. Peterson, S. Baird Morgan, and H. Burt Ringwood, Salt Lake City, for defendants and appellees.

Before BENCH, GREENWOOD and JACKSON, JJ.

JACKSON, Judge:

Appellant, Deanna Kleinert, appeals the trial court's summary judgment rulings in favor of the appellees and the denial of her second motion to amend her complaint. We affirm in part and reverse and remand in part.

On appeal from a summary judgment, we view the evidence and all reasonable inferences thereon in the light most favorable to the appellant. *Rollins v. Petersen*, 813 P.2d 1156, 1158 (Utah 1991). We recite the facts accordingly.

## I. FACTS

In April 1984, Ms. Kleinert entered an elevator in the building where she worked and was, for forty minutes, tossed about the inside of the elevator by the sudden, abrupt movements of the elevator. She finally escaped, sustaining minor injuries.

Four years after the incident, Ms. Kleinert brought a strict products liability

claim against the Kimball Elevator Company (Kimball), the manufacturers and maintainers of the elevator. Two years after that, the trial court granted her motion for leave of court to allow her to add the owners and managers of the building (Boyer) as defendants in her complaint. Six months later, Ms. Kleinert again moved to amend her complaint to add a cause of action against Kimball based on the doctrine of *res ipsa loquitur.* At approximately the same time, Kimball filed a motion for summary judgment. In March of 1991, the trial court heard arguments on both of these motions. At the end of the hearing, the trial court granted Kimball's summary judgment motion and denied appellant's motion for leave to file a second amended complaint. Boyer then successfully moved for summary judgment against Ms. Kleinert.

Ms. Kleinert claims the trial court incorrectly granted both appellees' summary judgment motions and denied her motion for leave to file a second amended complaint.

## II. ANALYSIS

■■ The Utah Rules of Civil Procedure provide that a "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R.Civ.P. 56(c). After a motion for summary judgment has been made as provided in this rule, the opposing party may not rest on mere allegation or denial. *Town of Alta v. Ben Hame Corp.,* 836 P.2d 797, 804 (Utah App. 1992); Utah R.Civ.P. 56(e). The opposing party's response must set forth specific facts demonstrating a genuine issue for trial. *Id.* Because a summary judgment resolves a matter of law, we review that judgment for correctness. *Retherford v.*

*AT & T Communications,* 844 P.2d 949, 958 (Utah 1992).

### A. Kimball's Summary Judgment Motion

■■ Product liability actions in Utah are governed by Utah Code Ann. § 78–15–1 to –6 (1977, as amended 1989). Section 78–15–6 states:

> In any action for damages for personal injury, death, or property damage allegedly caused by a defect in a product: (1) No product shall be considered to have a defect or to be in a defective condition, unless at the time the product was sold by the manufacturer or other initial seller, there was a defect or defective condition in the product which made the product unreasonably dangerous to the user or consumer.[1]

Utah Code Ann. § 78–15–6 (1977). For this court to reverse the trial court's grant of summary judgment, Ms. Kleinert needed to assert facts concerning a defect or defective condition. In statutory terms, Ms. Kleinert needed to submit some evidence that there was a defect in the elevator, that the defect existed at the time the elevator was sold, and that the defect made the elevator unreasonably dangerous. Viewing the evidence and all reasonable inferences in favor of the appellant, we think the appellant failed to do this. She merely alleged that because she was injured, the elevator must have been defective. She did not submit any evidence showing a defect or defective condition, let alone evidence showing the defect existed at the time of the sale or that the defect made the elevator unreasonably dangerous.

### B. Building Owners And Maintainers Summary Judgment Motion

■■ The Utah Supreme Court no longer determines a landlord's liability using artificial common law categories. *Gregory v. Fourthwest Investments, Ltd.,* 754 P.2d 89, 91 (Utah App.1988). Owners now have "a duty to exercise reasonable care toward their tenants in all circumstances." *Id.*

---

1. Appellant argues that this act is inapplicable because it was declared unconstitutional in *Berry By and Through Berry v. Beech Aircraft Corp.,* 717 P.2d 670 (Utah 1985). The act was in effect, however, at the time of the events giving rise to this lawsuit. *See Raithaus v. Saab–Scandia of America, Inc.,* 784 P.2d 1158, 1158 n. 1 (Utah 1989).

When a plaintiff's claim is based on the owner's failure to repair rather than on affirmative negligence, the plaintiff has the burden of showing the owner knew, or in the exercise of ordinary care should have known, a dangerous condition existed and the owner had sufficient time to take corrective action. *Id.*

 The appellant need not prove his or her case before the case may be submitted to the jury. *Salt Lake City Corp. v. James Constructors, Inc.,* 761 P.2d 42, 47 (Utah App.1988). The appellant need only submit evidence sufficient to raise a genuine issue of fact. *Id.* Ms. Kleinert cited numerous instances where the elevator had malfunctioned in some way and been reported to the owner of the building. The evidence further suggests that the elevator may have been malfunctioning over the course of a couple of years, giving the owners time to repair or replace the elevator. The evidence presented by the appellant was more than just the mere allegation or bare contention that the owners had notice of a dangerous condition. Reviewing the evidence and all reasonable inferences therefrom in a light most favorable to the appellant, the evidence presented creates a genuine issue of material fact for the fact finder to decide. Accordingly, we reverse and remand this issue to the trial court for further proceedings.

### C. Denial Of Appellant's Second Motion To Amend

Utah R.Civ.P. 15(a) provides:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

 The decision to allow leave to amend a complaint is discretionary with the trial court. *Stratford v. Morgan,* 689 P.2d 360, 365 (Utah 1984); *Girard v. Appleby,* 660 P.2d 245, 248 (Utah 1983). Utah Courts have focused on three factors when deciding whether to grant a motion to amend: (1) the timeliness of the motion; (2) the justification given by the movant for the delay; and (3) the resulting prejudice to the responding party. *Regional Sales Agency, Inc. v. Reichert,* 784 P.2d 1210, 1216 (Utah App.1989). In *Westley v. Farmer's Ins. Exchange,* 663 P.2d 93, 94 (Utah 1983), the Utah Supreme Court upheld the trial court's refusal to grant leave to amend because "[a]n amendment would certainly have delayed the trial and the substance of plaintiff's new allegation was known a full year earlier when plaintiff discussed it in his deposition." The trial judge in the present case specifically noted:

My concern about amending the complaint at this late date is this is a three year old case, it is an eight year old injury, and it seems to me if [res ipso loquitur] were to be pled [it] could well have been pled before in terms of amendment.

We hold that the trial court did not abuse its discretion by not allowing the appellant to amend her complaint for a second time at such a late date.

### III. CONCLUSION

Ms. Kleinert's evidence concerning the defective nature of Kimball's elevator did not rise above the level of mere allegation and so did not raise a genuine issue of material fact. Accordingly, the trial court's grant of Kimball's summary judgment motion with respect to the strict product liability claim against it was correct and we affirm it. The appellant submitted sufficient evidence to raise a genuine issue of fact concerning the building owner's duty to exercise reasonable care towards its tenants. Hence, the trial court's grant of summary judgment with respect to Boyer's duty of reasonable care was incorrect and we reverse and remand this issue to the trial court. Finally, it was within the trial court's discretion to deny appellant's motion to amend her complaint based on the untimeliness of the motion. Accordingly,

we hold that the trial court did not abuse its discretion in denying the motion and affirm the denial.

Affirmed in part, and reversed and remanded in part.

BENCH and GREENWOOD, JJ., concur.