**Deanna KLEINERT, Plaintiff
and Appellant,**

v.

**KIMBALL ELEVATOR COMPANY, a Utah corporation; HRB Company aka The Boyer Company, a Utah corporation; The Boyer Company, a general partnership; 185 South State Associates aka Boyer Foothills Partnership, Ltd., a limited partnership; Boyer–Gardner Properties Partnership, a general partnership; H. Roger Boyer, an individual; Kem C. Gardner, an individual; and 185 South State Owners' Association, a Utah corporation, Defendants and Appellees.**

No. 940485–CA.

Court of Appeals of Utah.

Oct. 19, 1995.

Fred R. Silvester and Clark A. McClellan, Silvester & Conray, Salt Lake City, for Appellant.

S. Baird Morgan and H. Burt Ringwood, Strong & Hanni, Salt Lake City, for Appellees.

Before ORME, P.J., and BENCH and BILLINGS, JJ.

## OPINION

BENCH, Judge.

Deanna Kleinert appeals from the trial court's grant of the Boyer Company's motion for a directed verdict. We reverse and remand.

## BACKGROUND

■ In reviewing a grant of a directed verdict, we view all facts and the inferences drawn therefrom in the light most favorable to the nonmoving party. *See, e.g., Management Comm. of Graystone Pines Homeowners Ass'n v. Graystone Pines, Inc.*, 652 P.2d 896, 898 (Utah 1982); *Anderson v. Gribble*, 30 Utah 2d 68, 71, 513 P.2d 432, 434 (1973). We recite the facts accordingly.

In April 1984, Kleinert entered an elevator on the sixth floor of a building owned and operated by the Boyer Company. Kleinert was trapped inside the elevator for about forty minutes while it intermittently and erratically rose and fell. Kleinert was thrown about the elevator striking her head, arms, and legs against the walls, doors, and handrail. Kleinert was finally able to escape by prying the doors open and jumping to the floor below. Kleinert claims to have suffered severe permanent physical injury and pain as a result of this incident.

Kleinert brought a strict products liability claim against Kimball Elevator Company (Kimball). Thereafter, Kleinert amended her complaint to assert a negligence claim against the Boyer Company. Kimball and the Boyer Company separately moved for summary judgment. The trial court granted both motions and Kleinert appealed to this court. *See Kleinert v. Kimball Elevator Co.*, 854 P.2d 1025 (Utah App.1993) (*Kleinert I* ).

This court affirmed the trial court's grant of summary judgment in favor of Kimball, concluding that summary judgment was appropriate because Kleinert had not shown that there was any defect in the elevators at the time Kimball sold them to the Boyer Company. *Id.* at 1027. This court reversed and remanded the trial court's grant of summary judgment in favor of the Boyer Company, concluding that Kleinert had submitted evidence sufficient to raise a genuine issue of material fact as to whether the Boyer Company had notice of a dangerous condition. *Id.* at 1028.

On remand, Kleinert presented the evidence referred to in her appellate brief in *Kleinert I*, as well as additional evidence of problems or malfunctions with the elevators.

Kleinert submitted evidence that some of the problems and malfunctions involving the tripping of governor switches could cause an elevator to stop abruptly. According to Brent Russon, Kimball's district manager, such a stop could cause an occupant of the elevator to lose his or her balance. Russon also testified that the elevators experienced "yo-yoing" problems, as well as problems with earthquake devices and on-board computers.[1] Russon further testified that he spoke with a representative of the Boyer Company about the operational problems with the elevators prior to Kleinert's incident.

Edward Williams, a Kimball repairman, testified about specific service calls he responded to in the Boyer Company building prior to Kleinert's incident. Williams testified that he responded to problems with governor switches, "yo-yoing," and people stuck in elevators, as well as problems that had no apparent cause. Williams also testified that when a governor switch is tripped the elevator may stop abruptly.

Several other witnesses testified that they had been trapped in the elevators prior to the date of Kleinert's incident. One witness testified that she, as well as others in the building, knew the elevators were "bad" and that they were "afraid" of them.

Kleinert submitted copies of Kimball's service logs for the elevators covering the period prior to Kleinert's incident. These logs show numerous reports of elevator problems and malfunctions. Kleinert also submitted evidence indicating that the Boyer Company was aware of the elevator problems prior to the incident. There was testimony presented that Kimball as well as others reported the elevator problems to the Boyer Company.

After the close of Kleinert's case-in-chief, the Boyer Company moved for a directed verdict claiming that there was no evidence that the Boyer Company had knowledge, either actual or constructive, of any defective or dangerous condition in the elevators. The trial court granted the Boyer Company's motion and this appeal followed.

## ISSUES

Kleinert raises the following issues on appeal: (1) whether the trial court properly granted the Boyer Company's motion for a directed verdict; (2) whether the Boyer Company should be held to the "common carrier" standard of care; and (3) whether this case should be assigned to a different trial judge on remand because the present trial judge is biased against her claim.

## ANALYSIS

### Directed Verdict

■ Kleinert argues that the trial court erred, in granting the Boyer Company's motion for a directed verdict, by concluding that there was no evidence that the Boyer Company knew, or reasonably should have known, of dangerous conditions in the elevators. We agree.

■ On appeal from a directed verdict, "we must examine the evidence in the light most favorable to the losing party, and if there is a reasonable basis in the evidence and in the inferences to be drawn therefrom that would support a judgment in favor of the losing party, the directed verdict cannot be sustained." *Gourdin v. Sharon's Cultural Educ. Rec. Ass'n.*, 845 P.2d 242, 243 (Utah 1992) (quoting *Graystone Pines*, 652 P.2d at 898). Where there is any evidence that raises a question of material fact, no matter how improbable the evidence may appear, judgment as a matter of law is improper. *See Hill v. Seattle First Nat'l Bank*, 827 P.2d 241, 246 (Utah 1992).

Property owners generally have "a duty to exercise reasonable care toward their tenants in all circumstances." *Gregory v. Fourthwest Invs. Ltd.*, 754 P.2d 89, 91 (Utah App.1988) (quoting *Williams v. Melby*, 699 P.2d 723, 726 (Utah 1985)). "When a ... claim is based on the owner's failure to repair rather than on affirmative negligence, the plaintiff has the burden of showing the owner knew, or in the exercise of ordinary

---

1. A Kimball technician, testified that "yo-yoing" is the process whereby an elevator attempts to level off when it reaches a floor. He stated that when an elevator reaches a floor it might overshoot the floor by several inches and then move up and down until it levels off with the floor.

care should have known, a dangerous condition existed and the owner had sufficient time to take corrective action." *Kleinert I,* 854 P.2d at 1028.

In the present case, Kleinert submitted testimonial and documentary evidence indicating a history of elevator problems and malfunctions. While we make no conclusion with respect to the weight and veracity of Kleinert's evidence, when viewed in a light most favorable to Kleinert, the evidence was sufficient to raise a genuine question of material fact as to whether the Boyer Company "knew, or in the exercise of ordinary care should have known, a dangerous condition existed and ... had sufficient time to take corrective action." *Id.*

We therefore conclude that because Kleinert submitted evidence sufficient to raise a genuine question of material fact, the trial court erred by granting the Boyer Company's motion for a directed verdict.

### Standard of Care

■ Kleinert also argues that the Boyer Company should be held to the common-carrier standard of care. Having submitted evidence sufficient to raise a genuine issue of material fact under the standard of care applicable to property owners generally, Kleinert has also necessarily raised a genuine issue of material fact under the higher standard of care applicable to common carriers. However, since the legal issue of whether an elevator operator should be held to a common-carrier standard of care is likely to resurface on remand, we address the merits of Kleinert's claim. *See State v. Emmett,* 839 P.2d 781, 786 (Utah 1992) (holding it appropriate to address issues that, while not necessary to resolve appeal, may arise on remand).

After *Kleinert I* was decided, the Utah Supreme Court decided *Lamb v. B & B Amusements Corp.,* 869 P.2d 926 (Utah 1993), which discussed the standard of care to be applied to amusement ride operators. *Id.* at 930. In *Lamb,* the supreme court stated that "[t]he heightened standard of care required of common carriers is predicated on the principle that '[p]ersons using ordinary transportation devices, such as *elevators* and buses, normally expect to be carried safely, securely, and without incident to their destination.'" *Id.* (quoting *Harlan v. Six Flags Over Georgia, Inc.,* 250 Ga. 352, 297 S.E.2d 468, 469 (1982) (emphasis added)). The court further discussed the rationale behind the common-carrier standard of care:

The "reasonably prudent person" standard of care is a flexible legal concept requiring a greater or lesser degree of care according to the nature of the circumstances that a reasonably prudent person would consider in assessing possible risks of injury. Common carriers are held to a higher standard of care than the "reasonably prudent person" standard. *See Johnson v. Lewis,* 121 Utah 218, 225, 240 P.2d 498, 502 (1952); *see also McMaster v. Salt Lake Transp. Co.,* 108 Utah 207, 210, 159 P.2d 121, 122 (1945); *Sine v. Salt Lake Transp. Co.,* 106 Utah 289, 296, 147 P.2d 875, 879 (1944). Passengers entrust common carriers with their personal safety, have little if any opportunity to protect themselves from harm caused by a common carrier, and pay the carrier for safe transportation. In addition, the public has an important stake in having the public transportation of persons be as safe as possible.

*Id.*

While the court's statement in *Lamb* about elevator owners being common carriers was dictum, a number of other jurisdictions have held that elevator owners are held to the common-carrier standard of care. *See, e.g., Wyatt v. Otis Elevator Co.,* 921 F.2d 1224, 1227 (11th Cir.1991) (stating that "Alabama treats a passenger elevator as a common carrier and requires that one maintaining a passenger elevator must exercise the highest degree of care"); *White v. Sears, Roebuck & Co.,* 242 F.2d 821, 823 (4th Cir.1957) (holding "in Virginia owners of elevators are common carriers and held to the highest degree of care known to human prudence"); *Jardine v. Rubloff,* 73 Ill.2d 31, 21 Ill.Dec. 868, 872–73, 382 N.E.2d 232, 236–37 (1978) (holding "owners of buildings with elevators are viewed as common carriers who owe their passengers the highest degree of care"); *Cash v. Otis Elevator Co.,* 210 Mont. 319, 684 P.2d 1041, 1043 (1984) (holding that elevator owners are subject to the common-carrier standard of

care); *Smith v. Munger*, 532 P.2d 1202, 1205 (Okla.Ct.App.1975) (holding "[t]he owner of passenger elevators owes to the passengers using the same the highest degree of care, vigilance, and precaution").

In light of the supreme court's statement in *Lamb*, the preceding authorities, and sound public policy, we believe that elevator owners should be held to the common-carrier standard of care. The elevator performs the function of a common carrier by transporting people from one floor to another. The public places its trust in those who furnish elevators that they will be transported safely from one floor to another. Once passengers enter an elevator, they surrender all control of their situation and place their safety entirely in the hands of the owner. Furthermore, the risk presented when transporting passengers vertically is as great as transporting passengers horizontally in a conveyance such as a bus or train. *See Smith*, 532 P.2d at 1205. We therefore conclude that elevator owners are required to exercise the standard of care applicable to common carriers.

### Judicial Bias

■ Kleinert argues, for the first time on appeal, that this case should be remanded to a new trial judge because the present trial judge has developed a bias against her claim.

"We are governed by the general principle that matters not put in issue before the trial court may not be raised for the first time on appeal." *Sukin v. Sukin*, 842 P.2d 922, 926 (Utah App.1992); *accord Wade v. Stangl*, 869 P.2d 9, 11 (Utah App.1994). This principle applies with equal force where the bias or prejudice of a trial judge is alleged for the first time on appeal. *Wade*, 869 P.2d at 11. Rule 63(b) of the Utah Rules of Civil Procedure provides:

> Whenever a party to any action or proceeding, civil or criminal, or his attorney shall make and file an affidavit that the judge before whom such action or proceeding is to be tried or heard has a bias or prejudice, either against such party or his attorney or in favor of any opposite party to the suit, such judge shall proceed no further therein, except to call in another judge to hear and determine the matter.

"This rule requires that a party alleging judicial bias or prejudice must first file an affidavit to that effect in the trial court." *Wade*, 869 P.2d at 11; *accord Haslam v. Morrison*, 113 Utah 14, 190 P.2d 520, 523 (1948) (holding issue of bias or prejudice a matter determined by trial court "in the first instance," subject to appellate review); *Sukin*, 842 P.2d at 926; *see also* Utah Code Jud.Conduct, Canon 3(E) (providing examples of potential grounds for disqualification). We will not therefore address the issue of judicial bias because it is raised for the first time on appeal.

### CONCLUSION

Kleinert submitted evidence sufficient to raise a genuine issue of material fact as to whether the Boyer Company was negligent. The trial court therefore erred by granting the Boyer Company's motion for a directed verdict. On remand, the trial court should apply the common-carrier standard of care to Kleinert's claim. Any claim of bias must be presented to the trial court.

Reversed and remanded for proceedings consistent with this opinion.

ORME, P.J., and BILLINGS, J., concur.