**Jeffrey M. SMITH, et al., Plaintiffs,**

v.

**OTIS ELEVATOR COMPANY, et al., Defendants.**

**No. CIV. 01–305–P–H.**

United States District Court, D. Maine

May 30, 2002.

Robert Furbish, Terrence Garmey, Smith, Elliot, Smith & Garmey, P.A., Portland, ME, for Plaintiffs.

John A. Ciraldo, John A. Hobson, Perkins, Thompson, Hinckley & Keddy, Portland, ME, Austin J. McGuigan, Rome, McGuigan & Sabanosh, P.C., Hartford, CT, Phillip E. Johnson, Johnson & Webbert, LLP, Augusta, ME, Mark G. Lavoie, Aaron Kenneth Baltes, Norman, Hanson & Detroy, Portland, ME, for Defendants.

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

HORNBY, Chief Judge.

The United States Magistrate Judge filed with the court on May 9, 2002, with copies to counsel, his Recommended Decision on Motion of Defendant The Bethel Commodore Corporation to Dismiss. The plaintiffs filed an objection to the Recommended Decision on May 23, 2002. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The motion of defendant Bethel Commodore to dismiss Counts IV and V of the Amended Complaint is **GRANTED**.

So **ORDERED**.

### *RECOMMENDED DECISION ON MOTION OF DEFENDANT THE BETHEL COMMODORE CORPORATION TO DISMISS*

One of the three defendants in this action, The Bethel Commodore Corporation ("Bethel"), moves to dismiss Counts IV and V of the plaintiffs' complaint. I recommend that the court grant the motion.

### I. Applicable Legal Standard

The defendant's motion invokes Fed. R.Civ.P. 12(b)(6). Motion to Dismiss ("Motion") (Docket No. 7) at 1. "When evaluating a motion to dismiss under Rule 12(b)(6), [the court] take[s] the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor." *Pihl v. Massachusetts Dep't of Educ.*, 9 F.3d 184, 187 (1st Cir.1993). The defendant is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *Roma Constr. Co. v. aRusso*, 96 F.3d 566, 569 (1st Cir.1996); *see also Tobin v. University of Maine Sys.*, 59 F.Supp.2d 87, 89 (D.Me.1999).

### II. Factual Background

The complaint includes the following relevant factual allegations. Bethel is a Maine corporation with a principal place of business in Bethel, Maine, where it operates The Bethel Inn & Country Club ("Inn"). First Amended Complaint and Demand for Jury Trial ("Complaint") (Docket No. 2) ¶ 4. The plaintiffs and their son Joseph were registered guests at the Inn on or about August 23, 2001, when Joseph was killed after he became entrapped in the space between the car gate and hoistway door of an elevator on the premises. *Id.* ¶¶ 5–6. The elevator was owned and operated by Bethel for the use of its registered guests at the Inn. *Id.* ¶ 9.

### III. Discussion

The complaint includes the following claims against Bethel: (i) negligence under 32 M.R.S.A. § 15201 (Count IV); (ii) negligence as an innkeeper and common carrier (Count V); (iii) negligence (Count VI); and (iv) wrongful death (Counts VII and VIII). Complaint at 5–7. Bethel seeks dismissal of Counts IV and V.

### A. Count IV

Bethel contends that no private right of action is available under 32 M.R.S.A § 15201. Motion at 2–5. That statute provides:

It is the policy of the State to protect its citizens and visitors from unnecessary mechanical hazards in the operation of elevators and tramways and to ensure that reasonable design and construction are used, that accepted safety devices and sufficient personnel are provided and that periodic maintenance, inspections and adjustments considered essential for the safe operation of elevators and tramways are made. The primary responsibility for design, constructions, maintenance and inspections rests with the firm, person, partnership, association or corporation that owns or operates elevators or tramways.

15 M.R.S.A. § 15201. This statute and chapter 133 of Title 32, in which it appears, do not state that a private right of action to enforce this policy exists. In such circumstances, the Maine Law Court directs the courts to determine if such a right of action can be implied. *Charlton v. Town of Oxford*, 774 A.2d 366, 372 (Me.2001).

The key to determining this question is legislative intent, expressed either in the statute or in the legislative history. *Id.* I doubt that such an implied right of action exists in this case, *see generally In re Wage Payment Litig.*, 759 A.2d 217, 222–24 (Me.2000); *Jones v. Billings*, 289 A.2d 39, 41 (Me.1972), but it is not necessary to reach this question here.

The plaintiffs agree that section 15201 does not create a private right of action. Plaintiffs' Objection to Motion to Dismiss of Defendant The Bethel Commodore Corporation, etc. ("Plaintiffs' Opposition") (Docket No. 9) at 3. They argue instead that the statute "simply establishes the identity of those who may be subject to liability under existing causes of action by the recognition of a duty on their part." *Id.* (emphasis omitted). Maine law does recognize instances in which the violation of a statute is evidence of negligence. *E.g., Dongo v. Banks*, 448 A.2d 885, 889 (Me.1982). With this as the sole expressed purpose of the plaintiffs' mention of the statute in their complaint, there is no basis upon which the plaintiffs can raise a claim separate from the general negligence claim set forth in Count VI of their complaint. By the terms of their memorandum, they invoke the statute only as one means of proving negligence. There is no need to set forth each possible ground for negligence in a separate count; indeed, such duplicative pleading is not favored. Bethel is therefore entitled to dismissal of Count IV.

### B. Count V

Count V alleges that Bethel "owed the highest duty of care to those lawfully using its elevator" because it was an innkeeper and because it owned and operated the elevator. Complaint ¶¶ 25–26. Bethel contends that neither status confers upon it a level of duty higher than that of ordinary reasonable care. Motion at 5–7.

In *Brewer v. Roosevelt Motor Lodge*, 295 A.2d 647, 651–52 (Me.1972), the Law Court said that the proprietor of an inn, hotel, motel, restaurant or similar establishment "is bound to exercise reasonable care to prevent personal injuries to his patrons ... and the standard of care required is always the conduct of an ordinarily prudent person." The Law Court also noted that "the standard of conduct required is graduated according to the danger attendant upon the activities of the business pursued and depends upon the facts and circumstances surrounding each particular case." *Id.* The plaintiffs argue, in conclusory fashion without citation to authority, that this statement of the law is not applicable to the instant case because the *Brewer* opinion does not discuss "the issue" whether "Maine law ... recognize[s] a heightened duty on the part of innkeepers." Plaintiffs' Opposition at 4. While the *Brewer* opinion does not use the term "heightened duty," it is clear from the context of the opinion that the plaintiff in that case was contending that such a level of duty did exist. 295 A.2d at 650, 652–53. In the absence of further direction from the Law Court on this point, *Brewer* establishes that innkeepers in Maine are not required to meet a heightened standard of care by virtue of that status alone. Bethel is entitled to dismissal of so much of Count V as alleges that it failed to meet such a special standard for tort liability.

Maine law does impose a heightened duty of care on common carriers.

A common carrier owes its passengers a duty that requires the exercise of the highest degree of care compatible with the practical operation of the machine in which the conveyance was undertaken. This heightened standard of care continues until the carrier has given its pas-

senger a reasonably safe discharge at a reasonably safe location.

*Mastriano v. Blyer,* 779 A.2d 951, 954 (Me.2001). States differ on the question whether an owner or operator of an elevator is a common carrier, and the parties have cited extensively to case law from other states. *See, e.g., Dallas Mkt. Ctr. Dev. Co. v. Liedeker,* 958 S.W.2d 382, 383–84 (Tex.1997) (duty of ordinary care) (listing cases), overruled on other grounds, *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 840 (Tex.2000); *Kleinert v. Kimball Elevator Co.,* 905 P.2d 297, 300–01 (Utah App.1995) (common carrier duty of care). The Maine Law Court has not ruled directly on the question.

 In *Roberts v. Yellow Cab Co.,* 240 A.2d 733 (Me.1968), the issue was not whether the defendant was a common carrier. However, the Law Court's opinion does provide guidance to those seeking a definition of the term in the context of the heightened standard of care that follows from such a designation. The Law Court stated that

> [the] jury would have been justified in finding that the defendant company was operating public motor transportation for hire in a manner which was characterized in *Chaput v. Lussier,* 132 Me. 48, 165 A. 573 as "common carriage" and, as such, its duty to a passenger, based upon its contract for carriage, required "the exercise of the highest degree of care compatible with the practical operation of the machine in which the conveyance was undertaken."

*Id.* at 735 (citation omitted). The Law Court in *Chaput* also found important the fact that the defendant "held himself as a common carrier of passengers, by taxicab service, for hire or reward." 132 Me. at 50, 165 A. 573. The plaintiffs do not suggest that Bethel charged its guests for the use of the elevator in question. Where the

only reported Maine case law makes the heightened duty of common carriers dependant upon their use of a "contract for carriage," I conclude that this court cannot find such a duty applicable to the owner or operator of an elevator in a lodging establishment, where no "contract for carriage" can reasonably be found to exist. Accordingly, Bethel is entitled to dismissal of any claim based on the alternative ground set forth in Count V.

## IV. Conclusion

For the foregoing reasons, I recommend that the motion of defendant Bethel Commodore Corporation for dismissal of Counts IV and V be **GRANTED.**

May 9, 2002.