**2017 UT App 35**

### THE UTAH COURT OF APPEALS

THE ARMER TEXAS TRUST, ET AL.,[1]
Appellants,
*v.*
ROBERT V. BRAZELL, IN-STORE BROADCASTING NETWORK LLC,
IN- STORE BROADCASTING HOLDINGS LLC, IBN MEDIA LLC,
IN-TOUCH LLC, IN-TOUCH MEDIA LLC, TALOS PARTNERS LLC,
VON H. WHITBY, ROBERT W. KASTEN JR., ROBERT E. RILEY,
AND ROBIN NEBEL,
Appellees.

Opinion
No. 20150140-CA
Filed February 24, 2017

Third District Court, Salt Lake Department
The Honorable Andrew H. Stone
No. 130900740

Donald H. Flanary Jr., John P. Mertens, and Adam L.
Hoyt, Attorneys for Appellants

Michael N. Zundel, John S. Chindlund, and Florence
M. Vincent, Attorneys for Appellees IBN Parties

Richard D. Burbidge, Jefferson W. Gross, and S. Ian
Hiatt, Attorneys for Appellee Von H. Whitby

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
GREGORY K. ORME and STEPHEN L. ROTH concurred.

---

1. The parties on appeal are not limited to those listed, but also include other parties whose names appear on the notice of appeal or who have otherwise entered appearances in this court.

TOOMEY, Judge:

¶1 The Appellants seek reversal of the district court's order denying them leave to amend their complaint and determining that their complaint lacked particularity under rule 9(c) of the Utah Rules of Civil Procedure.[2] We affirm.

BACKGROUND

¶2 The Appellants are individuals and entities who allegedly invested approximately two million dollars in various In-Store Broadcasting Network entities. They claimed these investments were induced by the misrepresentations of the Appellees (collectively, IBN).

¶3 In their initial complaint and subsequent amended complaints, the Appellants alleged several causes of action including fraudulent misrepresentation, fraudulent inducement and rescission, promissory estoppel, civil conspiracy, common law fraud, constructive trust, fraudulent transfer, and violation of the Utah Uniform Securities Act.

¶4 The Appellants filed their initial complaint in February 2013. In March 2013, before IBN had responded, the Appellants filed a first amended complaint. They later sought leave of court to file a second amended complaint, which the court granted, and they filed it in September 2013. The parties then stipulated

_____

2. On November 1, 2016, after this case was argued, rule 9 of the Utah Rules of Civil Procedure was amended. While the amendment made no substantive changes, language previously appearing under rule 9(b) now appears under rule 9(c). Thus, although the parties' briefing and the district court's order refer to rule 9(b), we will refer to rule 9(c) throughout this opinion to avoid confusion.

to a scheduling order, which provided that any "[a]mended pleadings shall be filed by July 3, 2014." The district court never approved this stipulation, and in March and July 2014, the Appellants filed third and fourth amended complaints without leave of court.

¶5      In October 2014, IBN filed a rule 12(b)(6) motion to dismiss the Appellants' complaint for failure to state a claim upon which relief could be granted. Instead of defending the latest iteration of their complaint, the Appellants responded by seeking leave to file a fifth amended complaint.

¶6      The district court denied the Appellants' motion to amend because the motion was untimely, because granting it would substantially prejudice IBN, and because the Appellants gave no justification for this fifth attempt. The court also determined that the fifth amended complaint "fail[ed] to plead a fraud claim as to any specific plaintiff against any specific defendant with the particularity required by Rule 9([c])." The district court determined there was no need to decide whether the previous versions of the Appellants' complaint met the requirements of rule 9(c), because the Appellants acknowledged that their fifth amended complaint "contain[ed] greater particularity than the earlier versions,"[3] and because the court had determined that

---

3. In support of their motion for leave to file an amended complaint, the Appellants stated that the fifth amended complaint "adds nothing to the Third and Fourth Amended Complaints except where it fills in the lack of particularity gaps about which [IBN] complain[s] in [the] Rule 12(b)(6) Motion to Dismiss." In opposition to IBN's rule 12(b)(6) motion, the Appellants likewise acknowledged that "the Second Amended Complaint is admittedly deficient under Rule 9([c])" and asserted that the "proposed Amended Complaint . . . fully meets the requirements of Rule 9([c])."

this more detailed version was still insufficient under the rule. Stating that "[s]ix tries at pleading fraud are enough," the court granted IBN's motion to dismiss. The Appellants appeal the district court's order.

ISSUES AND STANDARDS OF REVIEW

¶7    The Appellants raise three issues on appeal. First, they contend the district court erred when it refused to grant them leave to amend their complaint for the fifth time. We review a district court's ruling on a motion to amend a complaint for abuse of discretion. *Coroles v. Sabey*, 2003 UT App 339, ¶ 16, 79 P.3d 974. Under this standard, we will not reverse a district court's decision unless it "exceeds the limits of reasonability." *Id.* (citation and internal quotation marks omitted).

¶8    Next, the Appellants contend the district court erred when, as a part of its rule 12(b)(6) dismissal, it determined that the fifth amended complaint did not meet the requirements of rule 9(c) of the Utah Rules of Civil Procedure. "[A]n appeal from a rule 12(b)(6) dismissal presents only questions of law, and we review the district court's ruling for correctness." *Fidelity Nat'l Title Ins. Co. v. Worthington*, 2015 UT App 19, ¶ 7, 344 P.3d 156.

¶9    Finally, the Appellants contend the district court erroneously applied rule 9(c) to their fraudulent transfer claim. As this is also an appeal from a rule 12(b)(6) dismissal, we review the court's decision for correctness. *See id.*

ANALYSIS

I. Rule 15(a)

¶10    The Appellants' first contention is that the district court erred by denying them leave to amend their complaint.

¶11    Rule 15(a) of the Utah Rules of Civil Procedure provides that, except for one amendment "as a matter of course" in specified circumstances, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." When determining whether to grant or deny a motion to amend, a court may consider certain factors, including: "(1) the timeliness of the motion; (2) the justification given by the movant for the delay; and (3) the resulting prejudice to the responding party." *Kleinert v. Kimball Elevator Co.*, 854 P.2d 1025, 1028 (Utah Ct. App. 1993).[4]

¶12    The district court relied on these three factors in denying the Appellants' motion to amend. It determined that their motion was "untimely, coming long after both the Court-imposed presumptive deadline for amendment as well as [the deadline] stipulated to by the parties." It determined the Appellants had provided "no justification for not having pleaded their multiple earlier versions of the complaint with the additional facts" that were "plainly available to [the Appellants] from the start." Finally, the court determined that IBN would be

---

4. In *Kelly v. Hard Money Funding, Inc.*, 2004 UT App 44, 87 P.3d 734, this court outlined factors that should be considered in determining whether to grant or deny a motion to amend. We emphasized then that the test should not be "an exclusive three-part analysis" but instead a "multi-factored, flexible inquiry that allows trial courts the leeway to evaluate the factual circumstances and legal developments involved in each particular case." *Id.* ¶ 41. Timeliness, prejudice, and justification may be analyzed alongside other considerations, *id.* ¶¶ 26–42, and "although a general approach should be multi-factored, the circumstances of a particular case may be such that a court's ruling on a motion to amend can be predicated on only one or two of the particular factors," *id.* ¶ 42.

substantially prejudiced "as [it] would now be faced with new factual theories for which [it has] not had time to prepare."

¶13   In arguing that the district court should have allowed them to amend their complaint, the Appellants do not address the court's analysis, and they do not acknowledge the factors on which the court relied in making its decision. Instead, the Appellants merely assert that the court's decision was in error because the fifth amended complaint would not have prejudiced IBN. They cite *Williams v. State Farm Insurance Co.*, 656 P.2d 966 (Utah 1982), for the proposition that the only limitation on Utah's "liberalized pleading rules" is the requirement that the opposing party "have fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *See id.* at 971 (citation and internal quotation marks omitted). They argue that because a date for trial had not yet been set, the fifth amended complaint would have given IBN fair notice of the Appellants' claims and IBN would not have been prejudiced by it.

¶14   The Appellants' reliance on *Williams* is misplaced. The *Williams* analysis focuses on the adequacy of pleadings, specifically in the context of affirmative defenses. *Id.* at 969–71. *Williams* does not discuss amended complaints, and while it correctly outlines the purpose behind "our liberal[] pleading rules," which liberality is expressly tempered by rule 9(c)'s particularity requirement, it has no bearing on whether the district court properly denied the Appellants' motion to amend. *See id.* at 971. "The decision to allow leave to amend a complaint is discretionary with the trial court," and a court may rely on several factors when making this decision. *See Kleinert*, 854 P.2d at 1028.

¶15   Otherwise, the Appellants' briefing on this issue leaves much to be desired. They fail to cite or analyze the proper factors a district court typically considers when deciding a motion to

amend. They ignore relevant case law from this jurisdiction and instead cite authority from other jurisdictions in support of their assertions. Furthermore, in arguing that the court erred, the Appellants do not address the basis of the court's decision. In its order, the court outlined three applicable factors and detailed why each factor supported a denial of the Appellants' motion to amend. The Appellants do not attempt to explain why the court's decision regarding the timeliness or justification of the motion was in error; they argue only that the motion to amend was not prejudicial because a trial date had not been set. The Appellants have failed "to attack the district court's reason[ing]" in denying the motion and "thus cannot demonstrate that the district court erred." *See Golden Meadows Props., LC v. Strand*, 2010 UT App 257, ¶ 17, 241 P.3d 375; *see also Angel Inv'rs, LLC v. Garrity*, 2009 UT 40, ¶ 35, 216 P.3d 944 ("[W]e will not assume [a party's] burden of argument and research." (alterations in original) (citation and internal quotation marks omitted)).

¶16    In any event, the district court did not abuse its discretion. First, the court found that the Appellants' motion to amend was untimely. Motions to amend are "typically deemed untimely" when they are filed in "the advanced procedural stages of the litigation process" or when "they [are] filed several years into the litigation." *Kelly v. Hard Money Funding, Inc.*, 2004 UT App 44, ¶¶ 29, 30, 87 P.3d 734. The district court found that the Appellants had filed the motion to amend "long after both the Court-imposed presumptive deadline for amendment as well as [the deadline] stipulated to by the parties." The motion to amend also came nearly two years after the initial complaint was filed.

¶17    Next, the court noted the Appellants gave no justification for their delay. When considering a party's justification, courts "typically focus[] on whether the moving party had knowledge of the events that are sought to be added in the amended complaint before the original complaint was filed." *Id.* ¶ 32. Courts should also focus on "the reasons offered by the moving

party for not including the facts or allegations in the original complaint." *Id.* ¶ 38. Here, the court found that the Appellants "offer[ed] no justification for not having pleaded their multiple earlier versions of the complaint with the additional facts offered in the Fifth Amended Complaint" when "all of the facts regarding [the] supposed misrepresentations and [the Appellants'] reliance thereon were plainly available to them from the start." Most of the alleged misrepresentations took place in 2006, seven years before the initial complaint was filed and nearly nine years before the Appellants sought leave to amend their complaint for the fifth time. Thus, not only did the Appellants fail to provide any reason for the untimeliness of their motion to amend, but they also had knowledge of the alleged misrepresentations that formed the core of their proposed amendments long before they filed their initial complaint.

¶18   Finally, the district court found that an amendment to the complaint "at this point would substantially prejudice [IBN] as [it] would now be faced with new factual theories for which [it has] not had time to prepare." "[S]ince almost every amendment of a pleading will result in some practical prejudice to the opposing party," the prejudice to the nonmoving party "must be undue or substantial"—mere inconvenience "is not grounds to deny a motion to amend." *Id.* ¶ 31 (emphasis, citation, and internal quotation marks omitted). The Appellants argue that their fifth amended complaint would not have substantially prejudiced IBN because, as a trial date had not yet been set, IBN would have had "ample time to prepare this matter for trial."

¶19   We are not persuaded that IBN would have been prejudiced only if a trial date had been set. Nearly two years had passed since the original complaint was filed, discovery was well under way, and a motion to dismiss had been filed. In addition, the fifth amended complaint was prompted by IBN's motion to dismiss. We agree with the district court that IBN would have

been unduly prejudiced by the Appellants' fifth amended complaint. And while a court's analysis should generally be "multi-factored," "a court's ruling on a motion to amend can be predicated on only one or two of the particular factors." *Id.* ¶ 42.

¶20 For these reasons, we conclude the district court did not abuse its discretion in denying the Appellants' motion to amend their complaint.

## II. Futility Under Rule 9(c)

¶21 The Appellants next contend the district court erred in determining that their fifth amended complaint was insufficient under rule 9(c) of the Utah Rules of Civil Procedure. The rule requires parties to plead "with particularity the circumstances constituting fraud or mistake." Utah R. Civ. P. 9(c). Pleadings satisfy this standard only if they include "a sufficiently clear and specific description of the facts underlying the [plaintiff's] claim of [fraud]." *Carlton v. Brown*, 2014 UT 6, ¶ 38, 323 P.3d 571 (alterations in original) (citation and internal quotation marks omitted).

¶22 As outlined above, IBN moved to dismiss this case under rule 12(b)(6) of the Utah Rules of Civil Procedure, arguing that the Appellants' complaint did not state a claim upon which relief could be granted. In response, the Appellants did not attempt to defend their amended complaint, but instead sought leave to amend it for the fifth time to meet the requirements of rule 9(c). In granting IBN's motion to dismiss, the district court first denied the Appellants' motion to amend because, as explained above, it was untimely, unjustified, and prejudicial. The court also determined that the amendment was futile because it did not meet the particularity requirements of rule 9(c). And because the Appellants had conceded that all prior iterations of their complaint were also deficient under rule 9(c), the court granted IBN's motion to dismiss. In making this determination, the court concluded that the amended complaint "still fails to plead a

fraud claim as to any specific plaintiff against any specific defendant with the particularity required by Rule 9([c])." The court continued:

> The proposed Fifth Amended Complaint is long on narrative and short on specifics with respect to each individual party. It does not explain when any false representation was made to any individual plaintiff, or any plaintiff's specific reliance on that statement. . . . Fraud-based claims are highly individualized, because reliance is an individual decision. Accordingly, stating a particularized claim of fraud requires each plaintiff to allege which representations were made to them, when and how and by whom, and how they each relied on that representation. This permits each of the defendants to defend against the allegation as to each defendant and each plaintiff. The Fifth Amended Complaint does not permit any one defendant to determine which supposed misrepresentation of fact was relied on by which plaintiff in what way, and why each defendant should be charged with that alleged misrepresentation.

¶23 The Appellants argue this decision was in error, but they make only conclusory statements that their proposed amended complaint "stated with particularity, each of [their] fraud based claims with the specificity required by Rule 9([c])," and they do not provide any analysis of or citations to specific portions of the fifth amended complaint to support their arguments. For example, they allege their complaint "set[s] out with a high degree of particularity each element of a fraud claim including: (1) who made the statement or representation; (2) to whom the statement or representation was made; [and] (3) when the statement or representation was made." But the Appellants do

not cite their amended complaint and do not demonstrate *how* their complaint meets these requirements. And our own review suggests it does not. The Appellants also allege that "[i]n the proposed amended complaint, particularly in paragraphs 20 through 146, [Steve Brazell] and the Investor Plaintiffs described in clear and concise language each representation of fact [Steve Brazell] and the Investor Plaintiffs relied on for this action." This "essentially dumps" upon this court the "burden of sifting through [dozens] of paragraphs of alleged facts" to determine whether the Appellants' complaint is sufficient under rule 9(c), and "[s]uch an approach is unacceptable." *See Coroles v. Sabey*, 2003 UT App 339, ¶ 27, 79 P.3d 974. Furthermore, these bald assertions illustrate the fatal flaw identified by the district court—the Appellants refer to the plaintiffs collectively, and they do not show how their amended complaint "plead[s] a fraud claim as to any specific plaintiff against any specific defendant."

¶24 Because the Appellants do little more than insist that their amended complaint meets the requirements under rule 9(c), without addressing the basis of the district court's decision, we reject this challenge. *See Golden Meadows Props., LC v. Strand*, 2010 UT App 257, ¶ 17, 241 P.3d 375. The Appellants have not persuaded us that the court erred.[5]

---

5. The Appellants also contend they did not file their third and fourth amended complaints in violation of rule 15(a) of the Utah Rules of Civil Procedure. They argue they did not need leave of court to amend their complaint because the parties had stipulated that amended pleadings could be filed up to July 3, 2014. The district court determined that it had never approved this stipulation, but it did not conclude that those amended complaints violated rule 15(a). We therefore have no occasion to consider this contention.

### III. Applicability of Rule 9(c)

¶25 Finally, the Appellants contend that rule 9(c) does not apply to their "claims of constructive fraud (insolvency) under the Utah Fraudulent Transfer Act." Because rule 9(c) allegedly does not apply to these causes of action, the Appellants argue the district court erred when it dismissed them for not meeting the rule's particularity requirements.

¶26 The Appellants' complaint does not specifically contain a "constructive fraud (insolvency)" cause of action, and it is unclear which cause of action they argue was dismissed in error. In their fourth and fifth amended complaints, the Appellants include a "constructive trust" cause of action and a "fraudulent transfer" cause of action. Under the constructive trust cause of action, the Appellants allege that IBN violated the Delaware Limited Liability Company Act and claim "the imposition of a constructive trust" is "the only remedy that will adequately compensate [the Appellants] for the improper and/or fraudulent transfers." But the Appellants' "claims of constructive fraud (insolvency) under the Utah Fraudulent Transfer Act" cannot refer to the constructive trust cause of action, because this cause of action only acknowledges that the formation of a constructive trust is a remedy, and because it alleges a violation of a Delaware act, not the Utah Fraudulent Transfer Act. Instead, the "claims of constructive fraud (insolvency)" is most likely a reference to the Appellants' fraudulent transfer cause of action, which alleges that "[IBN has] engaged in fraudulent transfers under . . . the Uniform Fraudulent Transfer Act."

¶27 The Appellants' brief argues there are two different types of fraudulent transfers—intentional fraudulent transfers and constructive fraudulent transfers. They claim that whether rule 9(c) applies to these fraudulent transfers is an issue of first impression in Utah, and they cite a United States District Court of Utah memorandum decision for the proposition that "courts

generally apply Rule 9([c])'s requirements to intentional fraudulent transfer claims . . . but not to constructive fraudulent transfer claims." *Wing v. Horn*, No. 2:09-CV-00342, 2009 WL 2843342, at *3 (D. Utah Aug. 28, 2009). Even assuming without deciding that rule 9(c) does not apply to constructive fraudulent transfers, the Appellants have not shown the district court erred in applying the rule to their fraudulent transfer cause of action. The Appellants' amended complaint alleges only a general fraudulent transfer cause of action and does not specify whether the fraudulent transfer was intentional or constructive. Accordingly, they have not demonstrated how the district court erred by applying rule 9(c) to a general "fraudulent transfer" cause of action where the rule requires parties to plead "with particularity the circumstances constituting fraud." Utah R. Civ. P. 9(c).

¶28   In any event, this issue is unpreserved. In order to preserve an issue for appeal, it must be "presented to the trial court in such a way that the trial court [had] and opportunity to rule on [it]." *Wohnoutka v. Kelley*, 2014 UT App 154, ¶ 4, 330 P.3d 762 (alterations in original) (citation and internal quotation marks omitted). In its motion to dismiss, IBN claimed that the Appellants' complaint did not meet the requirements of rule 9(c). The Appellants acknowledged their fourth amended complaint was deficient under rule 9(c),[6] and instead of attempting to defend it, they sought leave of court to file another amended complaint. Their opposition to IBN's rule 12(b)(6) motion to dismiss argued only that the fifth amended complaint fully complied with rule 9(c) and did not mention the rule was

---

6. In their motion for leave to amend, the Appellants stated "The [Fifth] Amended Complaint adds nothing to the Third and Fourth Amended Complaints except where it fills in the lack of particularity gaps about which [IBN] complain[s] in [the] Rule 12(b)(6) Motion to Dismiss with Prejudice." *See supra* note 3.

inapplicable to their fraudulent transfer claim. Because the Appellants did not raise this issue in the district court, it is not preserved and we will not consider it. *See id.* ¶¶ 3–4.

CONCLUSION

¶29 The district court did not abuse its discretion in denying the Appellants' motion to amend. In addition, the Appellants have not shown the court erred in determining that their fifth amended complaint was deficient under rule 9(c). Finally, the Appellants have not shown the court erred by applying rule 9(c) to their fraudulent transfer claim. Accordingly, we affirm the decision of the district court.

—————